In re the Marriage of Marc
O. MERRILL, Appellant–
Respondent Below,

v.

Joan M. MERRILL, Appellee–
Petitioner Below.

No. 71A03–9110–CV–327.

Court of Appeals of Indiana,
Third District.

March 5, 1992.

Jeffrey Kehl, South Bend, for appellant-respondent.

Aladean M. Derose, South Bend, for appellee-petitioner.

STATON, Judge.

Marc O. Merrill (Father) appeals from a judgment modifying his weekly child support payment from $50 to $177 per week. He raises the following two issues for our review:

I. Whether the trial court erred by failing to deduct payment made toward principal on business debts from gross

profit from Father's closely held corporation in determining weekly available income for child support purposes.

II. Whether the trial court erred in including a portion of retained earnings of Father's closely held corporation as disposable income for child support purposes.

We affirm.

The marriage of Father and Joan M. Merrill (Mother) produced a child, Kristin Marie, aged nine at the time of this proceeding. They were divorced in 1986 and custody of Kristin was granted to Mother, while Father was ordered to pay weekly support in the sum of $50 per week. On January 21, 1991, Mother filed a petition to modify the support payment. A hearing was held before a magistrate, and upon the evidence presented, Father's support payment was increased to $177 per week. He appeals.

■ The magistrate entered findings pursuant to Indiana Code 33–4–7–8, which were approved by the Circuit Court judge. Since the trial court made specific findings of fact and conclusions of law, we are bound to review the same under the following standard: we first must determine whether the evidence supports the findings; then determine whether the findings support the judgment. *Kaminszky v. Kukuch* (1990), Ind.App., 553 N.E.2d 868, 870, *transfer denied.* The judgment of the trial court will be affirmed if we conclude that the special findings support the judgment and are not clearly erroneous. *Brancheau v. Weddle* (1990), Ind.App., 555 N.E.2d 1315, 1317. A judgment is clearly erroneous where a review of the record leaves us with a firm conviction that a mistake has been made. *Indiana Dept. of Correction v. Stagg* (1990), Ind.App., 556 N.E.2d 1338, 1341, *transfer denied.*

I.

*Principal Payments on Business Debts*

■ Father is the sole stockholder of a pharmacy organized as a Subchapter S corporation. He takes issue with the following finding:

> The Court finds that the husband voluntarily left a lucrative pharmacist position which paid $34,387.00 in 1984 to start his own business. While husband should be congratulated for his entrepreneurial skill, he should not be able to reap the benefits of entrepreneurial skill and withhold income or other resources from the Court in considering the amount of child support to be enjoyed by his offspring. A self-employed person such as the husband has discretion to defer current income by incurring debt, the interest on said debt being deductible for tax purposes. The principal, as it is paid back over years, increases the husband's net worth and by the time this child is of the age majority [sic], the husband would be the owner of valuable real estate debt free. If the husband's argument was allowed to prevail, a noncustodial parent could engage in self-employment, borrow money to the maximum amount allowed, and declare that a very large percentage of income is used to pay the interest and principal on the debt and therefore, very little income should be considered available for determining child support. Such is obviously not contemplated by the guidelines when considering the language of I.C. 31–1–11.5–12.

Record, p. 42. Father argues that payments of principal on the debts incurred to purchase his pharmacy business were "ordinary and necessary expenses" which are properly deducted from the weekly gross income calculation under the child support guidelines.

■ The Preface of the Indiana Child Support Guidelines states that the guidelines are consistent with the provisions of Indiana Code 31–1–11.5–12. That statute outlines a number of considerations in the setting of child support payments, one of which is the financial resources of the noncustodial parent.[1] Ind. Child Support

---

1. The court is also to consider the financial resources of the custodial parent, the standard of living the child would have enjoyed had the marriage not been dissolved or the separation not been ordered, and the physical and mental

Guideline 1. Evidence of a parent's net worth and assets are relevant subjects of inquiry in a proceeding to establish or modify child support. *Green v. Green* (1983), Ind.App., 447 N.E.2d 605, 609, *transfer denied.* Child Support Guideline 3 specifically addresses income from self-employment or operation of a business:

> 2. Weekly Gross Income from self-employment, operation of a business, rent, and royalties is defined as gross receipts minus ordinary and necessary expenses. *Specifically excluded from ordinary and necessary expenses for purposes of these Guidelines are* depreciation, investment tax credits, or *any other business expense determined by the Court to be inappropriate for determining weekly gross income for purposes of calculating child support. In general, these types of income and expenses from self-employment or operation of a business should be carefully reviewed.* In most cases, this amount will differ from a determination of business income for tax purposes.

(Emphasis added). This Guideline clearly vests discretion with the trial court to scrutinize the self-employed parent's financial situation closely, and to exclude as a business expense any expenditure which the court in its discretion finds will personally benefit the parent. The Commentary gives further light to this provision:

> Calculating weekly gross income for the self-employed or for those who receive rent and royalty income presents unique problems and calls for careful review of expenses. The principle involved is that actual expenses are excluded and benefits that reduce living expenses (company cars, free lodging, reimbursed meals, etc.) should be included in whole or in part. While income tax returns may be helpful in arriving at weekly gross income for a self-employed person, the deductions allowed by the Guidelines may differ significantly from those allowed for tax purposes.

We have stated that the financial resources of both parents are relevant in condition of the child, including his educational

child support modification determinations and should be included in the totality of circumstances to be considered in making an award. *Hiland v. Hiland* (1984), Ind. App., 467 N.E.2d 1253, 1255, *transfer denied.* In the past, this court has seen fit to consider financial resources which were tied up in real estate, investments, automobiles, and personal possessions, though such assets are not income per se. *See, e.g., McCallister v. McCallister* (1986), Ind. App., 488 N.E.2d 1147, 1152.

The evidence here supports the trial court's findings. At the time of the marital dissolution Father's pharmacy was a fledgling enterprise with a negative net worth due to the loans taken out by Father to purchase the business. At the time of the modification hearing nearly seven years later, a significant amount of revenue taken in by the business had been allocated to payments on the business loans. In 1994, the purchase price of the business will be fully paid off by Father. Both Father and Mother's accountants testified that payment on principal of a loan increases net worth. Since Father was the sole owner of the business and real estate ventures in question, payment of principal on loans attributable to those business ventures increased his net worth. Evidence of Father's net worth was a relevant subject of inquiry. *Green, supra.* Thus, payments on principal were proper considerations in the child support modification proceeding. The trial court did not abuse its discretion in including them in its support determination.

## II.

### Retained Earnings

■ Father also argues that the trial court erroneously included one-half of his pharmacy's retained earnings for 1990 in the support computation. The trial court found that "an entrepreneur does need a certain amount of retained earnings in order to replace depreciated assets, and withstand the economic cycles and unexpected expenses inherent in any business." needs. Child Supp. G. 1; IC 31-1-11.5-12(a).

Record, p. 43. Noting that Indiana Code 31–1–11.5–12 provides that the trial court must consider the needs of the noncustodial parent, it included only one-half of the pharmacy's retained earnings in the computation. Father argues, however, that none of the retained earnings should have been included in the computation, citing the Guidelines' observation that income figures for support purposes may not be the same as income for tax purposes. Commentary to Child Supp. G. 3. He also points out that the retained earnings were rolled over to purchase inventory and pay bills.

The Guidelines state that Weekly Gross Income for the purpose of support calculations includes income from any source except means tested public assistance programs. Child Supp. G. 3(A)(1). Subsection (A)(2) of Guideline 3 makes it clear that income from the operation of a business, such as Father's pharmacy business, would be properly included. The retained earnings figure constitutes the profit earned by Father's pharmacy and is therefore income directly attributable to Father. There was some testimony regarding the declining vi-

ability of small pharmacies in the South Bend/Mishawaka area leading the trial court to include only half of the retained earnings as available income. However, we cannot say that the trial court abused its discretion by refusing to exclude all of the retained earnings.

Nor are we persuaded by Father's assertion that a different result is warranted because the profits were reinvested in the business. While Father's choice to "roll over" profits into the business may constitute a sound business practice, the pharmacy profits are income nonetheless. The findings of the trial court are not clearly erroneous.

Affirmed.

GARRARD and CHEZEM, JJ., concur.