Thomas L. ZAKROWSKI, Appellant–Respondent,

v.

Susan Joann ZAKROWSKI, Appellee–Petitioner.

No. 71A03–9106–CV–00162.

Court of Appeals of Indiana, Third District.

June 29, 1992.

Frederick B. Ettl, South Bend, for appellant-respondent.

Mark J. Phillipoff, Patrick D. Murphy, Jones, Obenchain, Ford, Pankow & Lewis, South Bend, for appellee-petitioner.

STATON, Judge.

Thomas Zakrowski appeals an order modifying his child support obligation, presenting for our review a sole (restated) issue: whether the trial court erroneously disallowed certain business expenses in computing income available for child support.

We reverse and remand for recalculation of Thomas' income under the child support guidelines.

The marriage of Thomas and Susan Zakrowski was dissolved on February 26, 1981 and Susan was awarded custody of the couple's two children. On October 5, 1990, Susan petitioned to increase the existing $160.00 per week child support award. An evidentiary hearing was held on January 7, 1991. Evidence adduced at the hearing disclosed that Thomas and Susan each sell insurance policies; each has experienced income fluctuations in recent years.

Susan testified that her 1990 gross income was $44,500; from that amount she paid $1,800 as commissions to other agents. Although Susan is a self-employed individual for income tax purposes, her office is furnished without cost to her. She indicated that her business entertainment expenses are minimal. Susan's available annual income for child support calculations—$42,700—was not disputed by the parties.

The hearing focused largely upon a determination of Thomas' income. Thomas testified that he owns 34 acres of farmland and two residences from which he derives rental income. The net rental income from these properties was not disputed. Thomas also reported ownership of a recently constructed commercial building in which he maintains his insurance office. Petitioner's Exhibit A, admitted into evidence without objection, detailed expenses Thomas at-

tributed to the operation of his "insurance business."

Thomas has been an employee of Allstate Insurance for approximately 22 years. He earns an annual salary of approximately $53,645. However, the current structure of Allstate's broker operations necessitates the incurrence of a substantial amount of employee business expenses, some of which are reimbursable.

Thomas testified that Allstate eliminated its company-owned offices for brokers in 1989. Currently, Allstate requires each broker to furnish his own office space.[1] Allstate then provides an annual rent reimbursement amounting to $3,240 per broker and an office expense reimbursement of $6,538.[2]

Allstate also requires the broker to travel to the site of each insured property to measure building dimensions and obtain photographs. The automobile expenses are reported by Thomas on Internal Revenue Service Form 2106 as non-reimbursed employee business expenses.[3]

On February 20, 1991, the trial court entered its "Findings, Conclusions, and Order" disallowing $28,115.00 of the claimed business expenses. The court concluded that items 1, 2, 3, 7, 8, 18, 19, 20, 21, 22, 23, 24, 25 and 31 of Exhibit A were capital investments rather than expenses and that

item 17 represented a "bookkeeping" deduction. Thomas' annual income was found to be $61,892.00; his child support obligation was increased to $238.00 weekly (plus 59% of future college expenses of the parties' eldest child).

On appeal, Thomas contends that the trial court disallowed business expenses which were "reasonable and necessary" as contemplated by the Indiana Child Support Guidelines. Susan replies that Thomas' decision to invest in commercial real estate should not provide the basis for any reduction in his gross income for child support purposes.[4]

■ Where the trial court has entered special findings pursuant to Ind.Trial Rule 52(A), we review the findings of fact and conclusions of law under the following standard. First, we must determine whether the evidence supports the findings; second, we determine whether the findings support the judgment. *Nill v. Nill* (1992), Ind.App., 584 N.E.2d 602, 604, *reh. denied.* The judgment of the trial court will be affirmed if we conclude that the findings support the judgment and are not clearly erroneous. *Id.*

The trial court's findings of fact listed the following cash outlays as "investments" or a "bookkeeping" entry rather than "expenses":

1. Thomas testified that he initially attempted to locate office space for rent in the immediate vicinity of the office closed by Allstate. After a fruitless search for rental space, he purchased land across the street from the closed office and erected a building. A portion of the office space is rented by another Allstate broker. An Allstate manager was expected to occupy an office in the building; however, Allstate prohibited the proposed employee-landlord/employer-tenant relationship between Thomas and the manager. Thus, approximately 50% of the available office space in Thomas' building was vacant as of the hearing date. Record, pp. 159–60, 175.

2. The figure includes reimbursement for the employment of a part-time secretary.

3. In 1989, Thomas reported "unreimbursed employee business expenses" of $5,100.00 ($2,512.00 for vehicle operation expense).

4. Thomas contends that he is "self-employed" and therefore entitled to deduct from his gross

income "reasonable and necessary expenses" referenced in Child Supp. G.3. Susan contends that Thomas is an employee whose appeal is premised upon an erroneous assertion that he is self-employed. This point of contention is irrelevant to a proper determination of allowable business expenses. Child Supp. G.3(A)(2) provides in pertinent part: "Weekly Gross Income from self-employment, *operation of a business, rent,* and royalties is defined as gross receipts minus ordinary and necessary expenses. Specifically excluded from ordinary and necessary expenses for purposes of these Guidelines are depreciation, investment tax credits, or any other business expense determined by the Court to be inappropriate for determining weekly gross income for purposes of calculating child support. In general, these types of income and expenses from self-employment or *operation of a business* should be carefully reviewed." (emphasis added) It is undisputed that Thomas engages in non-salaried, income-producing activities including the leasing of commercial, residential and farming properties.

| | |
|---|---:|
| Mortgage Payments | $17,520 |
| Real Estate Taxes | 1,496 |
| Insurance | 250 |
| Bldg. maint., ceiling fans, shelves paint, light bulbs, shutters, landscaping | 1,786 |
| Advertising | 112 |
| Rent | 3,240 |
| Blinds | 194 |
| Carpet Runners and Mail Box | 47 |
| Copy Machine | 210 |
| Answering machine & copy cartridge | 93 |
| Copier cartridge | 52 |
| Telephone Equipment | 421 |
| Office Furniture | 20 |
| Maintenance—Office | 465 |
| Business Auto mileage expense 8496 mi. × $.26 mi. | 2,209 |
| | $28,115 |

Record, pp. 40, 109.

■ Initially, we observe that the cost of various items of office equipment was disallowed. A trial court is vested with discretion in considering purchases of business equipment. *Cox v. Cox* (1991), Ind. App., 580 N.E.2d 344, 351, *trans. denied.* Although purchases of business equipment *may* properly be considered "reasonable and necessary" expenditures in child support computations, a deduction from gross income is not mandatory. Here, the trial court concluded that the items purchased constituted "investments" benefitting Thomas. The finding has evidentiary support.

■ However, there exists no factual basis in the record to support the finding that Thomas' total commercial mortgage payments represent a capital investment. Rather, the evidence indicates that a portion of the payments are interest expenditures. Upon proper allocation of interest and principal, a trial court may, in its sound discretion, disallow the deduction of principal payments from gross income for child

support purposes. Payments of principal may be considered contributions to a parent's net worth, rather than "ordinary and necessary expenses" contemplated by the child support guidelines. *See Merrill v. Merrill* (1992), Ind.App., 587 N.E.2d 188. Moreover, under certain circumstances, a portion of interest expenses might be disallowed as "unreasonable" or "unnecessary," e.g., where a parent obtains unusually short-term loans resulting in excessive short-time interest expenditures. Here, however, the trial court concluded that the entire mortgage payments were capital investments, contrary to uncontroverted evidence.

■ Additionally, the record fails to support the trial court's conclusion that advertising, office maintenance and automobile operation expenditures represent capital investments.[5] Finally, the trial court's disallowance of the $3,240 rental expenditure is unsupported by the record, as the $3,240 reimbursement for that amount is included in Thomas' gross income.[6]

■ We recognize that non-wage incomes do not afford a precise calculation of child support under the guidelines. The trial court is vested with discretion in making appropriate adjustments to gross income. *Cox, supra;* Child Supp. G.3. The court may properly consider the parents' total financial circumstances, including net worth, access to credit and available financial flexibility. *Merrill, supra,* at 190; *Cox, supra,* at 351. We do not suggest that the trial court must, on remand, deduct from Thomas' gross income the total of each claimed expense. However, find-

5. We note, however, that a portion of the $.26 per mile cost may be fairly attributable to depreciation of an automobile. The trial court may, on remand, determine that only "necessary" automobile expenditures (e.g. gas, oil, etc.) are deductible from gross income for child support purposes. While testimony indicated that .26 per mile is an acceptable "standard" automobile operating cost for federal income tax purposes, income tax standards are not necessarily determinative of income or expenses for child support purposes. Child Supp. G.3(A)(2).

6. Thomas' statement of gross income—specifically adopted by the trial court in its findings of fact—included $9,778 as "Office Reimbursement from Allstate." Thomas testified (without contradiction) that the $9,778 amount included $3,240 as office rent reimbursement. Record, p. 124. Other items of gross income listed were: rent from farming and residential properties—$4,292; rent paid by Allstate for another broker—$3,240; interest income—$98; and wages—$53,645.

ings of fact accompanying the necessary calculations must have evidentiary support.

Reversed and remanded.

GARRARD and RUCKER, JJ., concur.