# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON
_____

|  |  |  |
|---|---|---|
| **NINA ALICE KIMBLE,** | ) | Shelby Law |
|  | ) | Circuit Court No. 137254 R.D. |
| Petitioner/Appellee. | ) |  |
|  | ) |  |
| VS. | ) | C. A. No. 02A01-9503-CV-00049 |
|  | ) |  |
| **MICHAEL WAYNE KIMBLE,** | ) |  |
|  | ) |  |
| Respondent/Appellant. | ) |  |
|  | ) |  |

FILED

August 8, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

From the Circuit Court of Shelby County at Memphis.
**Honorable Kay S. Robilio, Judge**


**Michael L. Agee**,
AGEE & AGEE, Bartlett, Tennessee
Attorney for Respondent/Appellant.


**Kathryn A. King**,
SHEA, KING & LANDERS, Memphis, Tennessee
Attorney for Petitioner/Appellee.


OPINION FILED:

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**


**FARMER, J.**


**HIGHERS, J.** : (Concurs)
**LILLARD, J.** : (Concurs)

The gravamen of this appeal is child support. Nina Alice Kimble and Michael Wayne Kimble were married in 1985, divorced in 1992 and will be referred to as Wife and Husband, respectively. When they married, Wife had a son from a previous marriage and Husband a daughter. Husband adopted the son but Wife did not adopt the daughter.

The divorce decree incorporated the terms of a marital dissolution agreement which provided that Husband would pay child support of $250 monthly for 24 months. It was further agreed that at the end of that period it would not be necessary for Wife to show a material change of circumstances upon petitioning for an increase in child support due to the fact that Husband had just begun a new business and his income was uncertain at that time.

Wife petitioned for an increase in child support and the matter was referred to a referee. Following a hearing, the referee ruled that the child support be increased to $637 per month "which includes adjustment for self-emp. tax and fact of no visitation and $37 for her cost of health insurance on child." Wife was also awarded $1,700 in attorney's fees. Upon motion, the trial court modified the referee's ruling and ordered that Husband pay $348 per month "as base child support, taking into consideration the Child Support Guidelines and deviating therefrom by allowing [Husband] credit of 21% of his net income, or $441, for expenditures for his daughter, Lydia Kimble." The court ordered Husband to pay an additional $225 per month as child support due to Husband's non-visitation and $37 for the child's health insurance, for a total monthly support award of $610. The court additionally ordered Husband to pay Wife approximately $3,000 in attorney's fees. Husband's motion for rehearing or, alternatively, to alter or amend the judgment was denied. Husband appeals to this Court where our scope of review is *de novo* of the record with a presumption that the trial court's findings of fact are correct unless the preponderance of the evidence is otherwise. Rule 13(d) T.R.A.P.

The trial court stated from the bench that an additional $225 was awarded due to the fact that Husband had no visitation with his adopted son and, according to Husband's testimony, had virtually no contact with the child whatsoever. Husband argues that this was error on the part of the trial court because Wife failed to present any evidence of the child's expenses. Wife argues that the additional amount of $225 per month for non-visitation is proper. She relies upon ch. 1240-2-4-

.02(6) which provides for an upward deviation if the child is not staying overnight with the obligor for the average visitation period of every other weekend from Friday evening until Sunday morning, two weeks during the summer and two weeks during holiday periods throughout the year.

Need and ability to pay are factors to be considered in determining child support. Our review of this matter is hampered somewhat by the fact that the record contains scant evidence of the expenses incurred by Wife as a result of her custody of Christopher. While it appeared that Husband was testifying from a statement of income and expenses before the referee, such a document does not appear in this record. Other than the testimony of Husband, the evidence consists of his 1993 individual income tax return, a corporate return and two canceled checks.

Moreover, the record before us is not entirely clear as to the formula used by the court in arriving at the figure of $225. In *Lindberg v. Lindberg*, No. 02A01-9407-CV-00169 (Tenn.App. 1995), this Court held that, in accordance with the guidelines, there is to be an "upward or downward deviation when certain assumptions upon which the Department of Health and Safety based the regulations are not present." *Lindberg*, slip op. at 8 (citing *Nash v. Mulle*, 846 S.W.2d 803, 805 (Tenn. 1993)). In the event of non-visitation, *Lindberg* held that a trial judge is "to increase the amount of support from the guidelines minimum to some amount that would ***approximate the expenses incurred*** by the custodial parent that [he/she] would not . . . otherwise have incurred if the obligor parent had appropriately exercised his visitation." *Id*. (Emphasis added.) We find a remand of this cause to the trial court necessary with instructions to entertain evidence on the amount of actual expenses incurred by Wife, on Christopher's behalf, due to Husband's non-visitation.

Wife further contends that the trial court erred in considering the fact that Husband is the sole support of his minor daughter from a previous marriage because the child is not included in a decree of child support. She relies upon a portion of the guidelines which provides that the children of the obligor who are not included in the decree of child support shall not be considered for the purposes of reducing the obligor's net income or in calculating guideline amounts. *See* ch. 1240-2-4-.03(4). We do not believe that the intent of the guidelines was to cover a situation such as this, where a sole surviving parent has sole custody of a minor child, as there could not reasonably be expected to be a support order entered by a court in these circumstances. Without doubt he is

obligated to support his minor daughter. The Child Support Guidelines apply as a rebuttable presumption in child support cases. T.C.A. § 36-5-101(e)(1). As noted, the guidelines are subject to deviation upward or downward when the assumptions on which they are based do not pertain to a particular situation. *See Nash v. Mulle*, 846 S.W.2d at 805. Wife cites to this Court's decision in *Tower v. Tower*, No. 02A01-9407-CV-00170 (Tenn. App. Nov. 3, 1995). However, the father in *Tower* contended he was voluntarily paying child support for children from a previous marriage. He did not purport to be the sole surviving parent. Under the present circumstances, we find no error by the trial court in extending Husband a credit for expenditures for his daughter, for whom he is the sole support.

Husband argues that his actual out-of-pocket expenses of $10,313, representing the purchase of certain office equipment in the calendar year 1993, was properly deducted from his gross income. Wife counters that these expenses are included within his depreciation deduction of $12,108 on his federal income tax return and are not deductible in accordance with the guidelines. The guidelines provide that "[i]ncome from self-employment includes income from business operations and rental properties, etc., less reasonable expenses necessary to produce such income. Depreciation . . . should not be considered reasonable expenses." Tenn. Comp. R. & Regs., ch. 1240-2-4-.03(3). The parties stipulated that Husband paid $10,313 for the office equipment. The trial court deducted this figure from Husband's gross income as a means to guard against his "paying child support on money he [does] not have." Husband agrees that depreciation is not deductible for child support purposes.

Our research of this issue has uncovered the following: In *Kamm v. Kamm*, 616 N.E.2d 900 (Ohio 1993), the Supreme Court of Ohio considered whether capital expenditures may be used to reduce the gross income of a parent in calculating the appropriate amount of child support. The court looked to state statute[1] for guidance which identified "self-generated income" as "gross receipts received by a parent from self employment . . . and rents, minus ordinary and necessary expenses incurred by the parent in generating the gross receipts." The statute defined "ordinary and necessary expenses incurred in generating gross receipts" as "actual cash items expended by the

---

[1] R.C. 3113.215(A).

parent or his business. 'Ordinary and necessary expenses incurred in generating gross receipts' does not include depreciation expenses and other non-cash items that are allowed as deductions on any federal tax return of the parent or his business." *Kamm*, 616 N.E.2d at 902.

The obligor parent in *Kamm* was a farmer who sought to deduct the acquisition cost of a tractor from his gross income in determining his child support obligation. *Id*. at 900. The court concluded that the acquisition of a capital asset by a self-employed child support obligor may be deductible against his gross receipts for purposes of computing his/her child support obligation so long as the acquisition is "ordinary and necessary" and acquired by an actual cash expenditure. *Id*. at 902.

The court continued:

> It may be argued that our decision permits "double dipping" by allowing the child-support obligor to deduct the capital asset costs from both his child-support obligation and his federal income tax liability. While so doing, we only point out that this is not double dipping in the traditional sense of that term inasmuch as the dipping is at two different wells. The legislature specifically prohibits any double dipping from the child-support obligation well by excluding any additional, duplicative deduction for the capital asset cost through depreciation in the last sentence of R.C. 3113.215(a)(4). Though we believe the preferred way to recognize a child-support obligor's expense for a capital asset would have been to spread the deduction of its cost over its useful life via depreciation rather than by a lump-sum deduction, the legislature has chosen otherwise.

*Id*.

The court in *Kamm* recognized that such construction could result in a financial advantage to the child support obligor, enabling him or her to reduce his/her income for purposes of setting child support by accumulating assets, taking a tax deduction for them and having his child support lowered. He/she could "continue the process by depreciating the assets and/or replacing them." To guard against this "potential for inequitable results," *Kamm* held that "allowance of a deduction for acquisition of a capital asset by a self-employed, child-support obligor against such obligor's gross receipts may be grounds for deviation from the child-support guidelines . . . ." *Id*. Factors to be included in a court's consideration of whether deviation is proper were identified as

(1) the cost of the capital asset compared to the parent obligor's gross income; (2) the cost of the capital asset compared to the net worth of the obligor's business; (3) the existence of a past pattern of acquisition of capital assets as deductions against gross income for child support calculations; (4) the proximity in time of the acquisition of the capital asset to the date of termination of the child support obligation; (5) analysis of the necessity of the capital asset to maintain or increase past or current levels of income as opposed to unnecessary, punitive or overly aggressive expansion of business; and (6) whether the asset is acquired from the current year's income or out of past year(s)' savings. *Id*.

In *Zakrowski v. Zakrowski*, 594 N.E.2d 821 (Ind. App. 1992), the issue before the Court of Appeals of Indiana was whether the trial court had erred in disallowing certain business expenses in calculating the obligor's available income for child support. One such business expense was for various items of office equipment. *Zakrowski*, 594 N.E.2d at 823. The pertinent provisions of Indiana's child support guidelines stated:

> Weekly Gross Income from self-employment, operation of a business, rent and royalties is defined as gross receipts minus ordinary and necessary expenses. Specifically excluded from ordinary and necessary expenses for purposes of these Guidelines are depreciation, . . . or any other business expense determined by the Court to be inappropriate for determining weekly gross income for purposes of calculating child support. In general, these types of income and expenses from self-employment or operation of a business should be carefully reviewed.

*Id*. The court noted that "[a]lthough purchases of business equipment may properly be considered 'reasonable and necessary' expenditures in child support computations, a deduction from gross income is not mandatory." The court concluded that the trial court had not abused its discretion when labeling these particular expenditures as "investments" benefiting the obligor rather than "expenses." *Id*. at 823-24.

Finally, in *Beardsley v. Heazlitt*, 654 N.E.2d 1178 (Ind. App. 1995), the Indiana Court of Appeals noted that the state's child support guidelines had been "updated" in March 1993 to read:

> Weekly gross income from self employment, . . . is defined as gross receipts minus ordinary and necessary expenses. In general, these types of income and expenses from self-employment or operation of a business should be carefully reviewed in order that the deductions be restricted to reasonable out-of-pocket expenditures necessary for the production of income. These expenditures may include a reasonable yearly deduction for necessary capital expenditures.

*Beardsley*, 654 N.E.2d at 1181.

As noted, the Tennessee child support guidelines provide only that self-employment income (for purposes of calculating child support) "includes income from business operations . . . less reasonable expenses to produce such income," and that depreciation allowances are not considered reasonable expenses. Ch. 140-2-4-.03(3). Both jurisdictions referenced above likewise exclude depreciation as a reasonable ("ordinary and necessary") expense for purposes of establishing child support. As seen in *Beardsley* and *Zakrowski*, Indiana allows for the deduction of out-of-pocket capital expenditures from an obligor's gross income, if determined reasonable and necessary after careful review by the trial court. Conversely, such deduction is expressly mandated by the Ohio state legislature; however, the potential for abuse was judicially curtailed by the state supreme court when permitting a deviation from the child support guidelines in the event such deduction is taken.

As our own state legislature has not seen fit to either expressly exclude or authorize a deduction for capital expenditures, we believe it within the sound discretion of the trial court to determine when and if expenditures of this type are "reasonable." We believe the factors propounded by the court in *Kamm* are worthy of consideration in arriving at such a decision. They are not to be used to determine whether deviation from the guidelines is proper, but rather, in our case, whether such a deduction is "reasonable." We also note that under certain circumstances it may be appropriate, as suggested by the court in *Kamm*, to spread the deduction of the capital asset's cost "over its useful life via depreciation" rather than a lump sum deduction. *See Kamm*, 616 N.E.2d at 903. On remand, we direct the trial court to determine whether Husband's out-of-pocket expenses for the office equipment are reasonable after consideration of the factors cited with approval herein and all others determined relevant.

Husband next contends that the trial court erred in awarding Wife attorney's fees and costs. It is Husband's position that Wife failed to present evidence of her inability to pay her attorney's fees. As this Court said in ***Sherrod v. Wix***, 849 S.W.2d 780 (Tenn. App. 1992), ***perm. app. denied*** (Tenn. March 1, 1993):

> Tenn. Code Ann. § 36-5-103(c) states that awarding legal expenses in custody and support proceedings is discretionary with the trial court. However, the appellate courts have not necessarily been consistent in identifying the considerations on which these discretionary decisions should be made. Some panels follow the criteria used to award legal expenses in divorce proceedings and refuse to approve awards in the absence of proof that the party requesting the fees is unable to pay his or her lawyer. ***Johnson v. Johnson***, App. No. 01-A-01-9103-CV-00107, slip op. at 13, 16 T.A.M. 39-10, 1991 WL 169568 (Tenn.Ct.App. Sept. 4, 1991) (citing ***Fox v. Fox***, 657 S.W.2d 747 (Tenn. 1983)). Others have approved awards even in the absence of proof of inability to pay and have pointed out that ability to pay is not a prerequisite for awarding legal expenses under Tenn. Code Ann. § 36-5-103(c). ***Gaddy v. Gaddy***, App. No. 03-A-01-9109-CV-306, slip op. at 9, 17 T.A.M. 17-18, 1992 WL 63441 (Tenn.Ct.App. April 1, 1992), ***perm. app. denied*** (Tenn. Oct. 26, 1992).
>
> Like the Eastern Section in ***Gaddy v. Gaddy***, we find that ability to pay should not be the controlling consideration with regard to awards for legal expenses in custody or support proceedings. It is certainly a factor to be considered, but trial courts may award attorney's fees without proof that the requesting party is unable to pay them as long as the award is just and equitable under the facts of the case. The purpose of these awards is to protect the children's, not the custodial parent's, legal remedies. Accordingly, requiring parents who precipitate custody or support proceedings to underwrite the costs if their claims are ultimately found to be unwarranted is appropriate as a matter of policy.

***Sherrod***, 849 S.W.2d at 785 (footnote omitted). Wife's attorney presented her affidavit of her charges and expenses totaling $3,027. We find no error in the trial court's award of attorney's fees. We decline Wife's request to award her additional attorney's fees for this appeal.

It results that the judgment of the trial court allowing Husband a 21% credit for the expenses incurred for his daughter, Lydia, is affirmed; the judgment awarding Wife $3,027 in attorney's fees is affirmed; and the judgment in all other respects is reversed. This cause is remanded to the trial court with instructions to hear evidence regarding Wife's costs in the care of the parties' son, Christopher, due to Husband's non-visitation and to consider the relevant factors stated herein in determining whether the entire amount of Husband's capital expenditures is

reasonable as a deduction from his gross income for purposes of calculating child support. The parties may present additional evidence on this issue as determined necessary by the trial court. Costs are assessed equally against Michael Wayne Kimble and Nina Alice Kimble, for which execution may issue if necessary.

_____
FARMER, J.

_____
HIGHERS, J. (Concurs)

_____
LILLARD, J. (Concurs)