OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your
comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.  The
advance sheets to Ohio St.3d will also contain the volume and
page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Kamm, Appellee, v. Kamm, n.k.a. Ux, Appellant.
[Cite as Kamm v. Kamm (1993),      Ohio St. 3d       .]
Domestic relations -- Calculation of amount of child support
      obligation -- Self-employed parent's purchase of a capital
      asset in any given year constitutes a "necessary and
      ordinary expense" that should be deducted from gross
      receipts for purpose of calculating child support pursuant
      to R.C. 3113.215(A).
1.    Acquisition of a capital asset by a self-employed,
      child-support obligor may be deductible against such
      obligor's gross receipts for the purpose of computing the
      obligor's child-support obligation in accordance with R.C.
      3113.215, provided the acquisition is otherwise both
      "ordinary and necessary" and is acquired by an actual cash
      expenditure.
2.    Allowance of a deduction for acquisition of a capital
      asset by a self-employed, child-support obligor against
      such obligor's gross receipts may be grounds for deviation
      from the child-support guidelines pursuant to R.C.
      3113.215, providing the "best interest of the child" is
      considered.  (Marker v. Grimm [1992], 65 Ohio St.3d 139,
      601 N.E.2d 496, approved and followed.)
      (No. 92-1643 -- Submitted April 7, 1993 -- Decided
August 25, 1993.)
      Certified by the Court of Appeals for Huron County, No.
H-91-49.
      On June 21, 1969, plaintiff-appellee, Lauren J. Kamm, and
defendant-appellant, Gail D. Kamm, n.k.a. Ux, were married.
Two children issued from the marriage:  Jessica, born April 19,
1972, and Wendi, born February 24, 1975.  On November 7, 1977,
the marriage between appellee and appellant was dissolved by
decree in the Huron County Court of Common Pleas.  Custody of
Wendi was awarded to appellant, and appellee was ordered to pay
$75 per month child support for Wendi.  Custody of Jessica was
awarded to appellee.  Appellee asserts that in March 1991,
Jessica became emancipated.
      On March 21, 1991, appellant filed a motion for an
increase of child support for Wendi.  On April 11, 1991,

appellee filed a motion for joint custody of Wendi.  A shared-parenting plan was adopted on August 7, 1991, whereby Wendi would reside with each parent for six months of each year.  The issue of child support was reserved pending submission of financial worksheets and income data by the parties.  Subsequently, a hearing was held before a referee whereby the annual income of appellee was to be determined.  At that hearing, appellee, a self-employed farmer, sought to offset his income by $22,663, an amount representing a cash outlay for farm equipment.

On September 9, 1991, the referee issued his report and recommendation.  The referee recommended that appellee's requested offset for cash expenditures for farm machinery as against gross receipts from self-employment income be disallowed.  That amount, which appellee contended was an ordinary and necessary business expense, was determined by the referee to be a capital expenditure which, under the Federal Tax Code, must be depreciated over time.  No portion of the expense was therefore considered in arriving at the annual income of appellant upon which child support was based. Appellee was ordered to pay appellant $671.67 per month in child support in accordance with the guidelines.

Appellee thereafter filed objections to the report of the referee.  On November 9, 1991, the trial judge adopted the report.

On July 17, 1992, the Sixth District Court of Appeals reversed in part and affirmed in part, finding, as pertinent hereto, that the disallowed deduction for farm machinery should have been allowed in computing appellee's self-generated income.  Finding its decision to be in conflict with the decision of the Eighth District Court of Appeals in Campbell v. Kodish  (Mar. 5, 1992), Cuyahoga App. No. 62338, unreported, the appellate court certified the record of the cause to this court for review and final determination.

Pfefferle & Galloway and John A. Pfefferle, for appellee.
John D. Baird, for appellant.

William B. Hoffman, J.   The certified question presented by the appellate court is "whether a self-employed parent's purchase of a capital asset in any given year constitutes a necessary and ordinary expense that should be deducted from gross receipts for the purpose of calculating child support." We answer that question with a qualified "yes."

The present issue is governed by the definitions contained in R.C. 3113.215(A).  The statute provides in relevant part:

"(2)  'Gross income' means, except as excluded in this division, the total of all earned and unearned income from all sources during a calendar year * * *.

"(3)  'Self-generated income' means gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts. 'Self-generated income' includes expense reimbursements or in-kind payments received by a parent from self-employment, the operation of a business, or rents, including, but not limited

to, company cars, free housing, reimbursed meals, and other benefits, if the reimbursements are significant and reduce personal living expenses.

"(4) 'Ordinary and necessary expenses incurred in generating gross receipts' means actual cash items expended by the parent or his business. 'Ordinary and necessary expenses incurred in generating gross receipts' does not include depreciation expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or his business." (Emphasis added.)

The language of R.C. 3113.215 has resulted in various interpretations regarding whether capital expenditures may be used to reduce the gross income of a parent in calculating the appropriate level of child support. Appellant, citing the Campbell court, supra, relies on the last sentence of R.C. 3113.215(A)(4) to support her view that because capital expenditures are depreciable expenses under the Internal Revenue Code,1 they are not deductible from the gross income of a self-employed parent for purposes of child support calculations. The appellate court below, citing the Ninth District Court of Appeals in Baus v. Baus (1991), 72 Ohio App.3d 781, 596 N.E.2d 509, held to the contrary.

R.C. 3113.215 defines "ordinary and necessary expenses" of a self-employed parent as actual cash items expended by a parent or his business. We hold that the acquisition of a capital asset by a self-employed, child-support obligor may be deductible against such obligor's gross receipts for the purpose of computing the obligor's child support obligation in accordance with R.C. 3113.215, provided the acquisition is otherwise both "ordinary and necessary" and is acquired by an actual cash expenditure.

For example, the purchase of a new tractor by a farmer out of actual cash flow would seem to be an ordinary and necessary expense. However, the purchase of a computer system by a farmer, though arguably helpful in the management of the farm's operation, may not be ordinary and necessary under all the financial circumstances.

It may be argued that our decision permits "double dipping" by allowing the child-support obligor to deduct the capital asset cost from both his child-support obligation and his federal income tax liability. While so doing, we only point out that this is not double dipping in the traditional sense of that term inasmuch as the dipping is at two different wells. The legislature specifically prohibits any double dipping from the child-support obligation well by excluding any additional, duplicative deduction for the capital asset cost through depreciation in the last sentence of R.C. 3113.215(A)(4). Though we believe the preferred way to recognize a child-support obligor's expense for a capital asset would have been to spread the deduction of its cost over its useful life via depreciation rather than by a lump-sum deduction, the legislature has chosen otherwise.

Appellant argues that the Huron appellate court's construction of the statute results in a financial advantage to the support obligor in that it enables that parent to reduce his or her apparent income by every means possible. As noted in Campbell, supra, allowance of the cash expenditure for a

capital asset as a deduction against gross receipts "would permit * * * Appellant [the support obligor] to accumulate assets, take a tax deduction for them, and have his child support lowered. Appellant could indeed continue the process by depreciating the assets and/or replacing them. This cycle would as a matter of fact permit Appellant to not have such a capital expenditure be earned income." Campbell, at 5-6. As pointed out during oral argument, a parent could theoretically show no income for child-support calculations for the entire number of years such parent might be liable for the same. Recognizing this potential for inequitable results, we hold that allowance of a deduction for acquisition of a capital asset by a self-employed, child-support obligor against such obligor's gross receipts may be grounds for deviation from the child-support guidelines pursuant to R.C. 3113.215, providing the "best interest of the child" is considered. Marker v. Grimm (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, approved and followed.

The trial court must support the deviation with findings of fact. See R.C. 3113.215(B)(2)(c) and 3113.215(B)(3). Factors which the trial court may consider in deciding whether deviation is proper include: (1) comparison of the cost of the capital asset versus the parent/obligor's gross income; (2) comparison of the cost of the capital asset versus the net worth of the parent/obligor's business; (3) the existence of a past pattern of acquisition of capital assets as deductions against gross income for child-support calculations; (4) the proximity in time of the acquisition of the capital asset to the date of termination of the child-support obligation; (5) analysis of the necessity of the capital asset to maintain or increase past or current levels of income production as opposed to unnecessary, premature, unrelated or overly aggressive expansion of business; and (6) whether the capital asset is acquired from the current year's income or out of past year(s)' retained savings. The aforementioned factors are not meant to be all-inclusive. Each case must be analyzed on an individual basis considering the totality of the financial circumstances of the parties in setting the obligation. The "best interest of the child" remains the paramount consideration.

Accordingly, we reverse the judgment of the court of appeals to the extent that its decision was to reverse outright Finding of Fact No. 7 (capital asset deductions). Instead, we vacate the trial court's decision relating thereto and remand this cause to that court for reconsideration of whether to allow the $22,663 as a deduction against gross receipts in accordance with this opinion, and any recalculation of the child-support obligation necessitated thereby. The judgment of the court of appeals is affirmed as to its order of remand as to other issues not made a subject of the instant certification.

> Judgment affirmed in part,
> reversed in part and
> cause remanded.

Moyer, C.J., A.W. Sweeney, Wright and Pfeifer, JJ., concur.
Douglas and F.E. Sweeney, JJ., dissent.
William B. Hoffman, J., of the Fifth Appellate District, sitting for Resnick, J.
FOOTNOTE

1    See Section 1.162-12, Title 26, C.F.R.

Douglas, J., dissenting.    Today's majority opinion permits a self-employed parent to circumvent and/or avoid his child-support obligation by investing in the parent's own business.  The majority permits this even though the investment is for a depreciable capital asset such as a tractor (farm equipment herein), additional land or buildings to house the business, or even leasehold improvements.  The majority arrives at this result by making such investments "ordinary and necessary expenses" which are then deductible against gross receipts (income) which are used to calculate a divorced parent's child-support obligations.  In my judgment, this allows such a parent to accumulate assets, take tax deductions, and still have the child support obligation reduced or totally extinguished.  This is unwise and unfair and is not supported by the intent of the child-support-guidelines legislation.

It is presumed, I imagine, that such investments will increase the future profits of the business, thereby resulting in an increase in the obligor's future child-support obligation.  For several reasons, such an assumption is constructed on a very shaky foundation.

In Marker v. Grimm (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, we examined the legislative purpose of R.C. 3113.215.  We found that the "best interest of the child" is the overriding concern of the law.  Under no set of circumstances can today's opinion be interpreted as consistent with the intent of R.C. 3113.215 as explained in Marker.  All the majority opinion does is benefit self-employed parent-obligors at the expense of their children.  Several examples will suffice.

If a divorce occurs and a child (children) of the marriage is near the age of majority (say fifteen years of age), the self-employed obligor parent can avoid making any support payments at all simply by acquiring, for cash, in each of the years of obligation, a capital asset that becomes an "ordinary and necessary" business expense for purposes of an R.C. 3113.215 calculation.  This is also so -- and even worse -- if the acquisition is made out of retained earnings or as a result of loan proceeds.  In each of the examples above, application of the majority opinion gives the support obligor the right to reduce the support obligation and to deduct, by way of depreciation for federal income tax purposes, the amount of the expenditure.  This is double dipping at its finest.

Rather than the law set forth in the majority opinion, I believe that the syllabus of our opinion should read:

"1.  'Ordinary and necessary expenses' incurred by a self-employed child-support obligor in generating self-employment income are deductible against such obligor's gross receipts (revenue) for the purpose of computing, in accordance with R.C. 3113.215, the obligor's child-support obligation.

"2.  Acquisition of a depreciable capital asset is not a deductible 'ordinary and necessary expense' as defined in R.C. 3113.215(A)(4), for purposes of computing child-support obligations."

Since the foregoing is not acceptable to a majority of this court, the very least we should adopt as a rule is that

the acquisition of a capital asset by a self-employed child-support obligor must, to be an ordinary and necessary business expense, be acquired out of actual and current cash flow.  Such a rule would reduce the incentive to invest in capital assets in order to reduce or extinguish child-support obligations.

If a child is to be deprived of support through such maneuvering, then such a rule would, at least, require an obligor to spend the obligor's money on capital-asset acquisition.

Since the majority's opinion is contrary to the "best interests of the child," is violative of the intent of R.C. 3113.215, and defies basic economic and accounting principles, I must respectfully dissent.  I would follow the conflict case of Campbell v. Kodish (Mar. 5, 1992), Cuyahoga App. No. 62338, unreported.

F.E. Sweeney, J., concurs in the foregoing dissenting opinion.