WOODS, Appellant,

v.

WOODS, n.k.a. Saturno, Appellee.

[Cite as *Woods v. Woods* (1994), 95 Ohio App.3d 222.]

Court of Appeals of Ohio,
Hancock County.

No. 5-93-38.

Decided June 9, 1994.

*J. Stanley Needles,* for appellant.

*John A. Kissh, Jr.,* for appellee.

---

HADLEY, Judge.

Plaintiff-appellant, Randall A. Woods, appeals from the judgment entry of the Hancock County Court of Common Pleas, Juvenile Division, wherein it modified the amount of child support appellant owes in support of his children.

In 1987, the trial court determined appellant to be the father of two minor children, Jared D. Woods and Cheyenne M. Woods. Pursuant to that order,

appellee was awarded custody of the minor children, and appellant was granted visitation rights and ordered to pay child support.

Originating the subject of this appeal was a motion to modify the child support, filed in 1992. Appellant is self-employed as a truck driver. He owns a tractor-trailer rig, upon which he makes a monthly loan payment. The central issue relating to the modification of child support in this appeal is whether appellant's loan installment payments on his truck, used in his employ, should be deducted from his gross income in calculating his child support obligation.

The trial court adopted the referee's recommendation that these monthly loan payments for the rig not be excluded from appellant's gross income in calculating child support. It is from this conclusion that appellant asserts his sole assignment of error.

### Assignment of Error

"The trial court committed reversible error by refusing to deduct actual ordinary and necessary cash expenditures of the plaintiff, self-employed child support obligor[,] in determining obligor's gross receipt[s] for the purpose of computing child support in accordance with R.C. 3113.215."

Relevant to this appeal is a recitation of the relevant section of the Revised Code, namely, R.C. 3113.215(A)(3) and (4), which state:

"(3) 'Self-generated income' means gross receipts received by a parent from self-employment * * * minus ordinary and necessary expenses incurred by the parent in generating the gross receipts.

"(4) 'Ordinary and necessary expenses incurred in generating gross receipts' means actual cash items expended by the parent or his business. 'Ordinary and necessary expenses incurred in generating gross receipts' does not include depreciation expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or his business."

Appellant argues that his monthly loan payments on his truck are "ordinary and necessary expenses incurred in generating gross receipts" and, therefore, should be deducted from the computation of his child support obligation. Appellee argues that the trial court properly included the monthly loan payments on the rig in the calculation of appellant's child support.

The Ohio Supreme Court recently had before it an issue concerning the same sections of the Ohio Revised Code, but with slightly different facts. *Kamm v. Kamm* (1993), 67 Ohio St.3d 174, 616 N.E.2d 900.

In *Kamm,* the support obligor, a self-employed farmer, purchased farm equipment via a cash outlay of approximately $22,000 in 1990.[1] There was no evidence in the record that the purchase of the equipment was financed by a loan. Rather, the Ohio Supreme Court opinion indicates that the equipment was purchased by cash in one lump sum. In 1991, child support modification proceedings were initiated between the farmer and his former wife. The question arose during the proceedings whether the cash outlay in 1990 for the farm equipment should be included or deducted from the obligor's gross income, when using the 1990 earnings of both parties in the child support calculation.

The Ohio Supreme Court held that pursuant to the first sentence of R.C. 3113.215(A)(4), " * * * the acquisition of a capital asset by a self-employed, child-support obligor may be deductible against such obligor's gross receipts for the purpose of computing the obligor's child support obligation in accordance with R.C. 3113.215, provided the acquisition is otherwise both 'ordinary and necessary' and is acquired by an actual cash expenditure." *Kamm,* 67 Ohio St.3d at 176, 616 N.E.2d at 902.

Thus, a support obligor can deduct the cash outlay expended in purchasing an ordinary and necessary capital expenditure. The second sentence of R.C. 3113.215(A)(4) disallows any deduction in the calculation of child support for depreciation expenses and other noncash items that are deductible on any federal income tax return of the support obligor. The Ohio Supreme Court indicated that although the legislature may not have selected the best procedure to include an obligor's capital assets into his child support calculation, the court must interpret the law as written. It stated, "[t]hough we believe the preferred way to recognize a child-support obligor's expense for a capital asset would have been to spread the deduction of its cost over its useful life via depreciation rather than by a lump-sum deduction, the legislature has chosen otherwise." *Id.* 67 Ohio St.3d at 177, 616 N.E.2d at 903. Further, the court stated that although self-employed support obligors may attempt to abuse this deduction given by the legislature by purchasing an ordinary and necessary capital asset each year that support is owed, the child support guidelines could be deviated from in the event that such abuse is apparent. *Id.* at 177, 616 N.E.2d at 902–903.

In the present appeal, the self-employed support obligor purchased a truck and argues that his monthly loan payments are analogous to the situation in *Kamm,*

---

1. Additional facts, necessary to a resolution of the issue in the matter *sub judice,* were taken from the court of appeals decision, *Kamm v. Kamm* (July 17, 1992), Huron App. No. H–91–49, unreported, 1992 WL 163945.

inasmuch as the loan payments are cash outlay, and the truck is ordinary and necessary to his occupation as a truck driver.

In determining whether appellant's monthly loan payments are deductible, R.C. 3113.215(A)(4)(a) dictates that the expense be one that is ordinary and necessary and, also, acquired by an actual cash expenditure. *Kamm* at 176, 616 N.E.2d at 902. There can be no question but that the purchase of a truck by a self-employed truck driver is an ordinary and necessary expense to the driver. Thus, our inquiry turns to the issue of whether the truck was acquired by an actual cash expenditure. "Cash" is not defined in R.C. 3113.215. Black's Law Dictionary defines "cash" as:

"Money or the equivalent; usually ready money. Currency and coins, negotiable checks, and balances in bank accounts. That which circulates as money." Black's Law Dictionary (6 Ed.Rev.1990) 216.

Since the definition of "cash" includes its equivalent, such as negotiable checks, appellant's monthly loan payments would be considered "actual cash expenditures" towards the purchase of the rig.

Therefore, since appellant's monthly loan payments are both ordinary and necessary, and actual cash expenditures, they are deductible from his gross income when his child support obligation is calculated.

For the reasons stated above, the judgment of the Hancock County Court of Common Pleas, Juvenile Division, is reversed and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.