The STATE ex rel. RICHARDS

v.

INDUSTRIAL COMMISSION OF OHIO et al.

[Cite as *State ex rel. Richards v. Indus. Comm.* (1996), 110 Ohio App.3d 109.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APD02–200.

Decided March 28, 1996.

*Landskroner & Phillips Co., L.P.A.,* and *Robert F. Voth,* for relator.

*Betty D. Montgomery,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for respondent Industrial Commission of Ohio.

*Buckingham, Doolittle & Burroughs* and *Patrick H. Lewis,* for respondent Spancrete N.E., Inc.

CLOSE, Judge.

Relator, Robert Richards, brings this action requesting that we issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order regarding the amount of relator's wage loss compensation, and to issue an order increasing the amount of the award.

This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Section 13, Loc.R. 11 of the Tenth District Court of Appeals. The magistrate

issued a decision, including findings of fact and conclusions of law, denying relator's request for a writ of mandamus. Relator subsequently filed objections to the decision. Upon examination of the decision, an independent review of the evidence, and due consideration of the objections, this court rejects the decision of the magistrate and orders the commission to compute relator's wage loss compensation by deducting "ordinary and necessary" business expenses from his gross income.

Relator sustained an injury in the course of his employment for which he was awarded temporary total disability. Relator did not return to his former employment, but began his own business of selling and installing garage doors. Relator suffered a wage loss and, subsequently, applied for and was awarded wage loss compensation. The Administrator of the Bureau of Workers' Compensation ("BWC") calculated relator's wage loss by using the gross income from relator's federal income tax return. Relator's gross income for 1993 was $19,882, while his adjusted gross income for that year was $10,287. Relator filed a motion alleging that the BWC improperly used the gross income figure from which to compute his wage loss compensation. A district hearing officer affirmed the administrator's computation; subsequently, a staff hearing officer affirmed the order of the district hearing officer. The commission refused relator's further appeal and his application for reconsideration.

Upon appeal, the magistrate affirmed the commission's order, stating that this method of calculation treats all claimants the same, regardless of whether they are self-employed. In the magistrate's analysis, if gross income were the base for computation preinjury, then it would be appropriate for the base to be gross income postinjury.

While this computation works well for claimants who are employed by another, it penalizes the claimant who is self-employed because the pre- and postinjury scenarios are different. Preinjury, relator was an employee, with income attributable to him only as a reward for his labor, not from the gross revenue of his employer. Postinjury, relator was the employer, with the gross revenue of his business attributed to him. However, relator had no more access to the gross revenues of his business than he did to the gross revenues of his previous employer. Relator used a large portion of that gross revenue to pay the expenses incurred in conducting his business. A claimant/employee bears none of the expense of the business. Therefore, relator is *not* being treated equally with all other claimants. Relator's real income, or his "wage" from the business, is the *net* income from his operation.

The only "authority" upon which the commission relies for its use of "gross income" in the computation of average weekly wage is from a March 12, 1993 letter from Edward Kozarevic, Akron District Director, quoting from BWC's

internal guidelines for computation of wage loss of a self-employed individual, which reads:

" * * * While these individuals are encouraged to take advantage of all of the federal, state, and local business deductions allowed, their 'gross' monthly income will be the income Wage Loss is computed from—not their NET."

The use of these guidelines is improper in this situation because this is not a case involving living maintenance wage loss. The guidelines have language which states that it encourages the use of business deductions, yet states that it is the gross income that will be the base for computation of wage loss. The language is contradictory, and we find that the correct base for computation of wage loss is that of adjusted gross income. Finally, these guidelines serve as an advisory function only; they do not have the force of law.

Further, in the wage loss guidelines set forth in Advanced Workers' Compensation Law (1995), Ohio CLE Institute Publications, Vol. 95–51, Chapter 4, the language provides that:

"(D)(1)(b) Wage loss compensation for a self-employed claimant shall be computed based on gross earnings. An applicant is to specifically document the business expenses that have been incurred in generating self-employment income and submit written verification of such expenses to the Bureau of Workers' Compensation * * *." *Id.* at 4.12.

Once again, these guidelines have never been promulgated into code or law and are, at best, merely advisory. They constitute neither binding nor precedential authority for this court. Further, and equally important, is the language found in those guidelines that business expenses must be documented. This language was put into the guidelines for a reason, and a reasonable inference is that business expenses must be documented so that they constitute proper deductions from gross income.

The commission's argument that this type of review would essentially make the BWC administrator an "auditor" fails, as we find that the overriding need for justice outweighs the small burden placed on the administrator. Further, the administrator must carefully examine average weekly wage questions on a case-by-case basis. *State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 288, 551 N.E.2d 1265, 1267. In addition, the Ohio Revised Code provides for a calculation of average weekly wage other than the normal calculation under R.C. 4123.61:

"In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the administrator of workers' compensation, in determining the average weekly wage in such

cases, shall use such method as will enable him to do substantial justice to the claimants."

According to R.C. 4123.61, the administrator of the BWC is already required to review "special circumstance" cases on a case-by-case method. As a computation using "gross income" prevents a just calculation of relator's average weekly wage, a special circumstance arises and an independent review is mandated. The approach we order herein today requires nothing more than that which is already required by law.

Relator maintains that he has not abused the deductions available under the tax system, nor does he intend to abuse the deductions available under the workers' compensation wage loss section. Relator merely requests to be put in or near the same place as his employed counterparts.

We do not decide this case in a vacuum. The United States Code provides that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" Section 162(a), Title 26, U.S.Code. The rationale underlying the deduction is that, just as gross income is a "clearly realized accession to wealth," a deduction is a "deduction in the taxpayer's wealth." Tax Management, Gross Income (1992), Vol. 501, and Deductions (1995), Vol. 503.

Similarly, the Ohio Revised Code, in its child support guidelines, provides for deductions from gross receipts in order to arrive at the income of the parents. R.C. 3113.215(A)(3) provides:

" 'Self-generated income' means gross receipts * * * minus ordinary and necessary expenses incurred by the parent in generating the gross receipts. * * * " See, also, *Kamm v. Kamm* (1993), 67 Ohio St.3d 174, 616 N.E.2d 900.

R.C. 3113.215(A)(4)(a) defines ordinary and necessary as "cash items expended by the parent" on his business.

Further, in an Ohio Court of Claims case dealing with the Victims of Crime Act, R.C. 2743.51 *et seq.*, the United States Supreme Court in *Norfolk & Western Ry. Co. v. Liepelt* (1980), 444 U.S. 490, 493, 100 S.Ct. 755, 757, 62 L.Ed.2d 689, 693, stated:

" * * * It is his after-tax income, rather than his gross income before taxes, that provides the only realistic measure of his ability to support his family. It follows inexorably that the wage earner's income tax is a relevant factor in calculating the monetary loss suffered by his dependents when he dies."

*Norfolk* even permitted the deduction of taxes in order to arrive at the economic loss. In the instant case, relator is not asking for anything more than deductions of his ordinary and necessary business expenses.

Finally, the effect of the BWC's taking such a position with regard to self-employed wage loss claimants seems to be in direct opposition to the language of R.C. 4121.67, which states:

"The administrator of workers' compensation * * * shall adopt rules:

"(A) For the encouragement of reemployment of claimants who have successfully completed prescribed rehabilitation programs * * *."

To place a claimant at a disadvantage merely for attempting to start his own business appears to be *dis*couraging the claimant from being successfully re-employed. Moreover, in the case at bar, had relator merely incorporated his business, rather than doing business as a sole proprietor, he would have been an employee of his business and then would have been paid a wage.

■ Overwhelming rationale from the many different facets of law exists which permit a self-employed individual to deduct ordinary and necessary business expenses to arrive at an adjusted gross income figure. Accordingly, we order that a writ of mandamus shall issue, ordering respondent, Industrial Commission of Ohio, to vacate its order decreasing relator's wage loss, and to enter a new order reflecting ordinary and necessary business deductions in computing relator's average weekly wage.

*Objections sustained;*
*writ of mandamus granted.*

PEGGY BRYANT and DESHLER, JJ., concur.