OPINION
Appellant, Leigh Ann Beougher, n.k.a. Osborn, appeals a judgment of the Court of Common Pleas of Mercer County, Domestic Relations Division, which affirmed a magistrate's decision and order reducing the amount of child support owed by Appellant's former spouse, Appellee, Mark Beougher. For the reasons expressed below, we affirm the decision of the trial court.
The parties were married in October 1985. Two children were born as issue of the marriage, both of whom are minors. In 1988, Appellant filed a complaint for divorce. A subsequent decree terminated the parties' marriage and designated Appellant the residential parent of both children. The court granted Appellee visitation rights in accordance with the local rules and established a child support order in the amount of $86.50 per week.
On May 4, 1999, Appellant filed a motion to modify child support based upon the allegation that a significant change had occurred in both parties' incomes. A magistrate conducted a hearing on the matter on July 21, 1999. The parties stipulated that "their 1998 federal income tax returns are accurate reflections of the parties' respective incomes and expenses, and [they consented] to the admissibility of the same."
The evidence adduced at the hearing reveals that in 1998, Appellee earned $37,666 from a full-time factory job at Reynolds 
Reynolds. Appellee also earned $4,266 from a paper route that same year. In addition to these occupations, Appellee operates a hog farming business. Since its commencement in 1996, the farming operation has not turned a profit. In fact, the tax return documents indicate that in 1998, Appellee incurred a $32,826 loss from hog operation.
Based upon this evidence, the magistrate calculated a new child support order under the provisions of R.C. 3113.215. In doing so, the magistrate reduced Appellee's earnings from the factory job and the paper route by subtracting the loss incurred on the farming operation. As a result, Appellee's total gross income equaled approximately $9,000. The magistrate's decision recommended that the court reduce Appellee's support payment to $162 per month.
Thereafter, Appellant filed objections to the magistrate's decision, which the trial court eventually overruled. A judgment entry adopting the new support order was issued on December 10, 1999. This timely appeal followed wherein Appellant asserts three assignments of error which we have elected to address outside of their original order.
II.
 The trial court erred in finding that the Appellee's hog farming is a for-profit business and not a hobby.
 This court has held that it is within the trial court's discretion to determine whether a venture is a business or a hobby. Zuppardo v. Zuppardo (Mar. 7, 1997), Allen App. No. 1-96-58, unreported. Although Appellant argues that the consistent losses incurred by Appellee's farming venture clearly suggests that it is nothing more than a hobby, we find otherwise. It is true that the hog farming operation has not earned a profit since its 1996 inception. However, Doug Ontrop, head of hog farming operations at Fort Recovery Equity, testified that Appellee's operation is designed to make future profits. While Ontrop could not specify as to when these profits will be forthcoming, he stated that he was unaware of any other similar ventures that did not make money sometime after their commencement.
Additionally, Appellee stated that he considered the operation to be a business. Appellee described the daily activities involved in this type of undertaking and testified that he would not expend that much time, energy and capital on a hobby. Based upon this unrefuted evidence, we cannot conclude that the trial court abused its discretion in finding that Appellee was engaged in the hog farming operation for legitimate business purposes.
Appellant's second assignment of error is overruled.
I.
 The trial court erred in computing child support by deducting a loss of $32,826 reported on Appellee's 1998 federal income tax return from [the] hog farming business * * *.
 A trial court's decision with regard to child support issues is reviewed under an abuse of discretion standard. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112. An abuse of discretion is more than a mistake in judgment; rather, it is a "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
Initially, we note that in reviewing the magistrate's decision, the trial court considered the evidence, but also placed great weight on the aforementioned stipulation. The court stated that since Appellant agreed to the accuracy of the figures contained in the tax returns, she was precluded from objecting to the trial court's use of those figures for purposes of a child support calculation. We find it unnecessary to reach the issue of the effect of the stipulation since the evidence contained in the record provides adequate support for the trial court's decision.
Appellant maintains herein that the trial court erroneously permitted Appellee to voluntarily reduce his income by claiming a loss on the farming operation. In support of this argument, Appellant cites to our previous holding announced in Clarridge v.Clarridge (Sept. 23, 1994), Union App. No. 14-94-10, unreported. In that case, we found that the trial court correctly refused to reduce an obligor's income by subtracting losses incurred on a farming operation. Of significant importance was the fact that the obligor was engaged in the farming operation as a hobby rather than as a business. See also Zuppardo v. Zuppardo (Mar. 7, 1997), Allen App. No. 1-96-58, unreported.
Although Appellant claims that we should hold similarly in this case, we find the instant matter to be distinguishable. As we have previously stated, the uncontested evidence demonstrates that Appellee is engaged in the hog farming venture with the intention to earn a profit and that none of the factors indicative of a mere hobby are present.
We acknowledge that the paramount concern in these cases is the best interests of the children. Kamm v. Kamm (1993), 67 Ohio St.3d 174. However, contrary to Appellant's assertions, the evidence in this case fails to demonstrate that the current support order would have a detrimental effect on the children, thus, warranting a deviation from the guidelines in order to offset such a result.
Based upon the foregoing, we conclude that the trial court did not err in calculating Appellee's income for child support purposes. Accordingly, Appellant's first assignment of error is overruled.
III.
 The trial court erred by allowing Appellee to take a full deduction from his gross receipts from his hog farming business of depreciation expenses for real estate as set forth in his tax return contrary to the mandates of ORC 3113.215.
 In this assignment of error, Appellant argues that even if the trial court was correct in reducing Appellee's income, the court erroneously deducted the full amount of the farming loss since that figure included certain depreciation expenses that are excluded by the child support statutes. Any child support order must begin with the calculation of the parents' gross income. R.C. 3113.215(A)(2) defines "gross income" as "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes * * * self-generated income * * *."
 "Self-generated income" means gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rent minus ordinary and necessary expenses incurred by the parent in generating the gross receipts.
R.C. 3113.215(A)(3).
 (a) "Ordinary and necessary expenses incurred in generating gross receipts" means actual cash items expended by the parent or the parent's business and includes depreciation expenses of replacement business equipment as shown on the books of a business entity.
 (b) Except as specifically included in [the preceding section] * * * "ordinary and necessary expenses incurred in generating gross receipts" does not include depreciation expenses and other noncash items that are allowed as deductions on any federal income tax return of the parent or the parent's business.
R.C. 3113.215(A)(4). [Emphasis added.]
Appellant specifically complains that the trial court allowed a $29,257 deduction for depreciation on two hog buildings and an addition to one of the structures. Appellant argues that such expenses are not ordinary and necessary, and further, that they cannot be considered replacement business equipment. The record in this case leads us to find Appellant's argument not well-taken.
During the hearing, Appellee introduced a "Book Depreciation Schedule" into evidence, which included the hog buildings and the addition. When questioned about the exhibit, Appellee testified that each item on the schedule is a piece of replacement business equipment. Moreover, it was certainly reasonable for the trial court to infer that hog buildings are ordinary and necessary to a hog farming operation, and in the absence of evidence to the contrary, that they constituted replacement business equipment. Thus, we find that this unrefuted evidence supports the trial court's decision to allow a deduction in accordance with R.C.3113.215(A)(4).
Appellant's third assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 ______________________________ WALTERS, PRESIDING JUDGE
 HADLEY, P.J., concur.
SHAW, J., dissents.