The majority rules today that a child support obligor may indefinitely reduce and/or avoid his child support obligation by depleting his primary source of salaried income on a losing secondary business venture as long as the secondary business venture does not appear to be just a "hobby" the determination of which is apparently to be made primarily on the subjective good intentions of the obligor as opposed to any evidence of or timetable for financial success. I believe this is wrong for a number of reasons.
First, it is my view that until such time as a secondary business venture may in fact become the primary source of income, a child support obligor with an already existing primary source of salaried income should first use that income to pay the child support before spending the primary income on the secondary business venture. Second, I am not convinced that either the statutes or the decision of the Ohio Supreme Court in Kamm v. Kamm
(1993), 67 Ohio St.3d 174, cited by the majority as purportedly governing the self-employment issue in this case, contemplate self-employment which is secondary to an existing primary source of income. However, even assuming they do, I see no evidence in this case that either the trial court or the majority have considered the six guidelines for deviation specifically set forth in the Kamm decision or have otherwise established how the ruling in this case could possibly be in the best interests of the children. See id. at 177-178.
Finally, I do not agree with the majority interpretation of our decisions in Clarridge v. Clarridge (September 23, 1994), Union App. No. 14-99-10, unreported 1994 WL 521189, and Zuppardo v.Zuppardo (March 7, 1997), Allen App. No. 1-96-58, unreported 1997 WL 101773, as promulgating some sort of subjective "hobby test" to be determined in the discretion of the trial court, based solely on the perceived good intentions of the child support obligor, or perhaps the custom of indefinite losses in a particular business, in lieu of applying the specific tests set forth in the Kamm andClarridge decisions. On the contrary, the off-hand characterization of the secondary business in Clarridge as a "hobby" was precisely because of the sort of consistent losses exhibited in the case before us. A careful reading of the essential holding of the Clarridge decision on this issue clarifies this point:
 In interpreting R.C. 3113.215, the trial court reasoned that while depreciation may be deducted from gross income, it may only be deducted from for-profit businesses. The trial court concluded that to permit the Obligor to consistently take a loss on an activity that was secondary to his primary means of support would not be in the best interests of the children, because the Obligor would be permitted to accumulate assets, take a deduction on them, and have his child support lowered.
 We find the trial court's interpretation of the statute reasonable. The paramount test in deciding whether depreciation can be taken in order to create a net loss which is then deducted from gross income is the best interests of the children. Kamm v. Kamm (1993), 67 Ohio St.3d 174. In its journal entry, the trial court compared the Obligor's annual gross income from his factory job with the consistent losses he declared on his farm, and concluded that the Obligor was not engaged in the farming business to generate a profit. We agree with the trial court's reasoning that to allow a parent to voluntarily reduce his income by always claiming a loss on a nonprimary income source, in this case a farm operated primarily as a hobby, in order to reduce the amount of child support owed by that parent from his primary income source, would defeat the meaning of the statute. Clarridge, unreported at 3. (Emphasis added.)
In my view, the Clarridge decision stands for the proposition that a consistently losing nonprimary income source is bydefinition a "hobby" which should never be used to reduce a child support obligation, unless perhaps the trial court can demonstrate that a finding to the contrary is somehow in the best interests of the children consistent with the guidelines of Kamm, a circumstance which, frankly, I find it difficult to envision. In any event, I see no basis for such a finding in this record. Nor do I find any legitimate basis for the finding of the majority that despite a similar record of consistent losses, the nonprimary business in this case should be regarded any differently than the "hobby"in the Clarridge case. For all of these reasons, I respectfully dissent. I would reverse the decision of the trial court.