OPINION
Appellant Stephen Maurer and appellee Claudia Maurer were divorced by the Tuscarawas County Common Pleas on October 9, 1998. Appellant assigns seven errors to the January 12, 2000, financial determinations of the court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT FAILED TO RECOGNIZE THAT IT HAD ALREADY GIVEN CUSTODY OF ONE OF THE CHILDREN, MICHAEL (AGE 13), TO APPELLANT IN AN EARLIER ENTRY WHEN THE COURT CONSTRUCTED ITS WORKSHEET.
ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT IMPROPERLY UTILIZED A FORMULA FOR CALCULATING DEVIATION FOR THREE OF THE CHILDREN, THAT VIOLATES R.C. SEC. 3113.215 (B)(3) AND (B)(6)(a).
ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED BY FAILING TO GIVE APPELLANT THE APPROPRIATE LINE 11 ADJUSTMENT FOR SELF EMPLOYED INDIVIDUALS.
ASSIGNMENT OF ERROR NUMBER FOUR
 THE FAILURE TO ALLOW CERTAIN BUSINESS EXPENSES OF APPELLANT AS "ORDINARY AND NECESSARY BUSINESS EXPENSES," EVEN WHEN NOT DEDUCTED ON A SCHEDULE C TAX RETURN, WAS CONTRARY TO THE UNCONTRADICTED TESTIMONY AND LAW.
ASSIGNMENT OF ERROR NUMBER FIVE
 THE TRIAL COURT ERRONEOUSLY INFLATED APPELLANT'S INCOME BY $6,200.00 ANNUALLY BY ATTRIBUTING THE SAME INCOME TO APPELLANT TWICE, AND THUS ERRED IN BASING HIS CHILD SUPPORT AND SPOUSAL SUPPORT ON SUCH INFLATED FIGURE.
ASSIGNMENT OF ERROR NUMBER SIX
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO ALLOCATE THE DEPENDENCY TAX EXEMPTIONS FOR JUSTIN, STEPHANIE AND MICHAEL TO APPELLANT.
ASSIGNMENT OF ERROR NUMBER SEVEN
 THE TRIAL COURT HAS ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY PLAINTIFF $1,200.00 PER MONTH IN SPOUSAL SUPPORT FOR FOUR YEARS.
The parties were married on August 27, 1977. Four children were born as issue of this marriage: Chris, born October 23, 1981; Justin, born March 1, 1983; Stephanie, born June 30, 1984; and Michael, born March 16, 1986. On June 19, 1998, appellant filed the instant action, seeking a divorce from appellant on grounds of incompatibility. By judgment of October 9, 1998, the court granted the parties a divorce, ordered that the real property owned by the parties be listed for sale, and settled the property division between the parties. On January 12, 1999, the case proceeded to a hearing before a magistrate on issues of sale of the marital residence, allocation of parental rights and responsibilities, child support, and spousal support. The magistrate recommended that the parties modify appellant's proposed shared parenting plan, and if they so modified the plan, the court should adopt the shared parenting plan. The magistrate recommended that in light of this shared parenting recommendation, no child support should be exchanged between the parties. The magistrate recommended that appellant should claim the income tax exemptions for Justin and Michael, and appellee should claim the income tax exemptions for Christopher and Stephanie. The magistrate further recommended that appellant pay appellee spousal support in the amount of $1200, for forty-eight months. At the time of trial, appellant was self-employed as an optometrist, while appellee worked part-time as a dental hygienist. On November 24, 1999, the court filed a consent judgment entry, wherein the parties agreed that appellant should be named residential parent of Michael. With regard to support, the parties agreed that no support should be exchanged, as appellant was the residential parent for three of the minor children, while the oldest child, Chris, resided with appellee. On January 12, 2000, the court ruled on objections to the magistrate's report. The court ordered appellant to pay child support in the amount of $54.91 per child, in accordance with the worksheet completed by the court. The court also ordered appellant to pay spousal support in the amount of $1200 per month, as recommended by the magistrate. The court awarded appellant the income tax exemptions for Stephanie, Christopher and Justin, and appellee the income tax exemption for Michael.
 I
Appellant and appellee both agree that the court's worksheet erroneously failed to recognize that on November 24, 1999, appellant was named sole residential parent of Michael. Appellee argues that we should reform the worksheet computation, excluding Michael from such computation. Because we are remanding the case for re-computation of the worksheet on other issues, we decline to do so. The first assignment of error is sustained.
 II
Appellant argues that the court abused its discretion in calculating support pursuant to a shared parenting worksheet. Appellant argues that appellee has only one extra day of visitation pursuant to the shared parenting plan than she would have pursuant to an ordinary visitation schedule, and this is not grounds for deviation from the support worksheet pursuant to R.C. 3113.215 (B). Pursuant to R.C. 3113.215
(B)(6)(a), when the court issues a shared parenting order, the court shall order an amount of support to be paid that is calculated in accordance with the worksheet, through line 24; however, if that amount would be inappropriate because of extraordinary circumstances or because of any of the criteria set forth in division (B)(3) of R.C. 3113.215, the court may deviate from the worksheet amount. Pursuant to R.C. 3113.215
(B)(3)(d), extended periods of visitation are a basis for deviation from the worksheet amount. In the instant case, the court took into consideration the extra visitation awarded to appellee. The court did not abuse its discretion in calculating support based on the amount of time the children spend with each parent, pursuant to the shared parenting plan. The second assignment of error is overruled.
 III
Appellant and appellee agree that the court erred in failing to give appellant the line 11 worksheet deduction for a self-employed individual. Accordingly, the third assignment of error is sustained.
 IV
In the magistrate's decision, the magistrate gave appellant a deduction of $10,000 as ordinary and necessary business expenses in calculating child support. The magistrate based the finding on evidence presented concerning on-going office expenses of appellant's optometry practice, including purchase of equipment, office remodeling, and payments to Dr. Zehnder for his original buy-in to the optometry practice. The court eliminated this $10,000 from its calculation, with no indication as to why she limited appellant to his income tax return, Schedule C, business expenses. R.C. 3113.215 defines "ordinary and necessary expenses" of a self-employed parent as actual cash items expended by a parent for his business. Acquisition of a capital asset by a self-employed, child support obligor may be deductible against gross receipts for the purpose of computing the obligor's child support obligation, providing the acquisition is both ordinary and necessary, and acquired by an actual cash expenditure. Kamm v. Kamm (1993), 67 Ohio St.3d 174, paragraph one of the syllabus. Factors to be considered by the court in determining whether deviation from the child-support worksheet is proper for acquisition of a capital asset include: (1) comparison of the cost of the asset versus the obligor's gross income; (2) comparison of the cost of the asset versus the net worth of the business; (3) the existence of a past pattern of acquisition capital assets as deductions against gross income for child support calculations; (4) the proximity in time of the acquisition of the asset to the date of termination of the child-support obligation; (5) the necessity of the asset to maintain or increase past or current levels of income as opposed to unnecessary, premature, unrelated, or overly aggressively expansion of the business; and (6) whether the asset is acquired from the current year's income or out of past years' savings. Id. at 177-178. Each case must be analyzed on an individual basis, considering the totality of the financial circumstances of the parties in setting the obligation. Id. at 178. The evidence presented at the hearing before the magistrate demonstrated that appellant owed Dr. Zehnder $6600 for his original buy-in to the practice, and was to pay $200 per month on that obligation. Appellant's trial Exhibits 8, 9, and 10 showed expenditures made by appellant for office remodeling and purchase of optometric equipment for the years preceding 1998. Exhibit 11 displayed how these expenses, in addition to the those that are deductible on Schedule C of his income tax return, impacted the amount of appellant's income after business expenses. This exhibit demonstrated that between 1994 and 1995, appellant had approximately $10,000 per year in such expenses. Exhibit 10 demonstrated equipment purchases made by appellant in 1996, all purchased from his draws and bonuses from the practice. Appellee did not dispute that appellant had purchased this equipment. Appellant's Exhibit 9 summarized appellant's 1996 and 1997 expenses for equipment and remodeling. Appellant testified that the office needed additional remodeling and computerization in the future. The evidence was undisputed that the purchases of equipment were necessary and on-going to keep up with constantly changing technology in the area. The court erred in eliminating the $10,000 deduction as ordinary and necessary business expenses. Clearly, the magistrate found the evidence concerning the need for such expenditures to be credible. Pursuant to the factors in Kamm, supra, it is apparent that these expenditures had been necessary on a yearly basis to maintain the productivity of the optometry practice. The court therefore erred in failing to allow his expenses as ordinary and necessary business expenses. The fourth assignment of error is sustained.
 V
Appellant and Dr. Zehnder co-owned the building from which they conducted their optometry practice. The name of the partnership to own this building is "Kadia". The parties agree that on the child-support computation worksheet, the court attributed income from this partnership to appellant twice. Accordingly, the fifth assignment of error is sustained.
 VI
Appellant argues that the court erred in granting the income exemptions to appellee, for Michael, Justin, and Stephanie. The magistrate had recommended that appellant be given the tax exemptions for Justin and Michael, while appellee would receive the dependency exemptions for Christopher and Stephanie. In considering the standard set forth in Singer v. Dickinson (1992), 63 Ohio St.3d 408, the trial court concluded that because appellant had the children the majority of the time in the shared-parenting arrangement, appellant would be considered the custodial parent for purposes of the analysis of the dependency exemptions. The court therefore modified the magistrate's recommendation, giving appellant the tax exemptions for Stephanie, Christopher, and Justin. However, pursuant to the consent judgment entry of November, appellant is the sole residential parent of Michael. Based upon the factors considered by the court in determining that appellant should have the exemptions for Stephanie, Christopher, and Justin, the court erred in failing to give appellant the exemption for Michael, for whom he is the sole residential parent. The sixth assignment of error is sustained.
 VII
Appellant argues that the court erred in awarding appellee spousal support in the amount of $1200 per month. Appellant first argues that appellee failed to demonstrate a need for spousal support. The court did not abuse its discretion in awarding spousal support in the instant case. The parties were married for 20 years. Appellee was employed only part-time as a dental hygienist. Appellee made $28,600, as a dental hygienist, while appellant made approximately $90,000 working as an optometrist. Based on the disparity of income and the length of the marriage, the court did not abuse its discretion in finding spousal support for a period of 48 months to be appropriate. Appellant next argues that the court did not properly calculate his income for purposes of determining spousal support, as stated in Assignments of Error III, IV, and V. As we have sustained these three assignments of error, we agree with appellant that in determining the amount of spousal support, the court used an erroneous income figure. Further, appellant argues that the court failed to consider the cost of supporting the children, and his tax liability in computing spousal support. We agree. It is apparent from the court's entry that the court completely overlooked the fact that appellant had sole custody of Michael. Further, R.C. 3105.18 (C)(1) (i) requires the court to consider the liabilities of the party, including but not limited to court-ordered payments. Pursuant to subsection (l), the court is to consider the tax consequences for each party of an award of spousal support. It is apparent from the court's entry that the court did not consider these factors in fashioning an award of spousal support. The seventh assignment of error is sustained. The judgment of the Tuscarawas County Common Pleas Court is reversed.
This cause is remanded to that court for re-calculation of child support and spousal support in accordance with law and consistent with this opinion.