OPINION
Defendant-appellant Martin S. Riggle appeals the February 10, 2000, Judgment Entry of the Tuscarawas County Court of Common Pleas which increased his child support obligation. Plaintiff-Appellee is Michelle E. Riggle.
 STATEMENT OF THE FACTS AND CASE
Michelle and Martin Riggle were married on August 21, 1977. Two children were born as issue of the marriage: Missi Riggle, born December 2, 1982, and Gabriel Riggle, born August 6, 1985. Michelle and Martin filed for a dissolution of their marriage on April 26, 1988, in the Tuscarawas County Court of Common Pleas. According to the separation agreement incorporated into the Decree of Dissolution, Martin Riggle agreed to pay $100.00 per child, per month as child support for his minor children. On June 22, 1988, the trial court adopted a joint custody plan for the parties' two children and ordered that Martin pay Michelle $100.00 per month, per child, plus poundage of $2.00 per $100.00, for a total of $204.00 per month, as child support. The next action in the case, pertinent to this appeal, occurred on December 16, 1997, when the Tuscarawas County Department of Child Support Enforcement Agency [hereinafter CSEA] held an administrative adjustment hearing. As a result of the December 16, 1997, hearing, the Hearing Officer recommended that child support be increased to $152.55 per month, per child, plus the processing fee. Thereafter, on February 24, 1998, Martin filed Objections captioned: Objections to the Hearing Officer's Recommendations and Administrative Adjustment Hearing Report. On March 18, 1998, CSEA filed a Motion for a Hearing on the Modification of Child Support. A hearing on CSEA's Motion was held on November 10, 1998, and December 8, 1998, before a Magistrate. The Magistrate recommended that child support be modified to $137.70 per child, per month, plus a processing fee, effective January 1, 1998. In that Decision, the Magistrate noted that while appellant had presented amounts taken as depreciation from his federal tax return, such depreciations were not shown to be such that they could be deducted from appellant's gross income in the calculation of child support, in accordance with R.C. 3113.215(A)(4)(a) and Kamm v. Kamm (1993),67 Ohio St.3d 174. Appellant filed a timely Objection to the Magistrate's Decision on February 13, 1999. On February 10, 2000, the trial court, The Honorable Judith Cross sitting by assignment, adopted the Magistrate's Decision, finding that depreciation expenses are not "necessary and ordinary expense" and, therefore, not deductible from the obligor's gross income for purposes of child-support." February 10, 2000, Judgment Entry. It is from the February 10, 2000, Judgment Entry that appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN RULING THAT APPELLANT'S FARM DEPRECIATION EXPENSES ARE NOT ORDINARY AND NECESSARY EXPENSES.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN ITS APPLICATION OF O.R.C. 3113.215 (B) WHEN THE CORRECT LAW IS SET FORTH IN O.R.C. 3113.215 (A)(4)(A).
 III. HONORABLE JUDGE JUDITH CROSS, SITTING BY ASSIGNMENT, ABUSED HER DISCRETION AND PREJUDICIAL [SIC] APPELLANT'S RIGHTS WHEN NO NOTICE OR OPPORTUNITY WAS GRANTED APPELLANT TO REARGUE HIS OBJECTIONS TO THE NEWLY ASSIGNED JUDGE.
 II
We choose to address appellant's assignments of error in a different order than as assigned by appellant. We believe we must first address assignment of error II, before we can address assignments of error I or III. In assignment of error II, appellant contends that the trial court abused its discretion and committed prejudicial error when it applied R.C. 3113.215(B) to determine whether appellant's depreciation expenses could be deducted from appellant's gross income in calculating appellant's child support obligation. Appellant asserts that the proper code section to be applied was R.C. 3113.215(A)(4)(a). While appellant correctly notes that the trial court's Judgment Entry, filed February 10, 2000, mistakenly states that it applied R.C. 3113.215(B), a review of the portion of the statute quoted by the trial court and applied by the trial court, shows that the trial court actually applied R.C.3113.215(A)(4). Since the trial court applied the correct portion of the statute to the facts and issue before it, we find no prejudicial error nor abuse of discretion. Appellant's second assignment of error is overruled.
 I
In the first assignment of error, appellant argues that the trial court abused its discretion and committed prejudicial error when it failed to consider $12,822.00 of depreciation expenses when calculating his child support obligation. Appellant is a self-employed farmer. Appellant farms 160-170 acres under lease from his ex-wife and 90 acres under lease from his father. Appellant presented the trial court with a depreciation schedule, computed using IRS rules, and federal tax documents showing that appellant claimed depreciation expenses in 1996 of $12,822.00. R.C.3113.215(A)(3) defines "gross income" as "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes . . . self-generated income." The term "self-generated income" is defined as "gross receipts received by a parent from self-employment . . . minus ordinary and necessary expenses incurred by the parent in generating the gross receipts." R.C.3113.215(A)(3). R.C. 3113.215(A)(4), as applicable to the case sub judice, defines ordinary and necessary expenses as follows: (a) "Ordinary and necessary expenses incurred in generating gross receipts" means actual cash items expended by the parent or the parent's business and includes depreciation expenses of replacement business equipment as shown on the books of a business entity.
(b) Except as specifically included in `ordinary and necessary expenses incurred in generating gross receipts' by division (A)(4)(a) of this section, "ordinary and necessary expenses incurred in generating gross receipts" does not include depreciation expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or the parent's business. Upon review of the trial court's decision, we find that the trial court misinterpreted R.C. 3115.215(A)(4) and inappropriately relied upon the Ohio Supreme Court decision in Kamm v. Kamm (1993), 67 Ohio St.3d 174. The trial court interpreted R.C.3113.215(A)(4)(b) as "clearly [stating] that depreciation expenses allowed as deductions on any Federal tax return are not part of the `ordinary and necessary expenses incurred in generating gross receipts' which are to be deducted from the obligor's gross income before calculating child support obligations." This analysis completely ignores R.C. 3113.215(A)(4)(a) which states that depreciation expenses for replacement business equipment as shown on the entity's books are ordinary and necessary expenses incurred in generating gross receipts. R.C. 3113.215(A)(4)(b) states that depreciation expenses allowed as deductions on a federal tax return are not ordinary and necessary expenses unless provided for in R.C. 3113.215(A)(4)(a). Therefore, depreciation expenses permitted under R.C. 3115.215(A)(4)(a) are ordinary and necessary expenses. Further, we note that the trial court based its decision on Kamm v. Kamm, supra. The trial court found that Kamm "clearly states that depreciation is not to be included in the `ordinary and necessary expenses incurred in generating gross receipts.'" However, Kamm was based upon an earlier version of R.C. 3113.215(A)(4) which stated: `Ordinary and necessary expenses incurred in generating gross receipts' means actual cash items expended by the parent or his business. `Ordinary and necessary expenses incurred in generating gross receipts' does not include depreciation expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or his business. (Emphasis added)
In comparing the amended version of R.C. 3115.215(A)(4) and R.C. 3115.215(A)(4) as it existed at the time of Kamm, it is apparent that the amendment to R.C. 3113.215(A)(4) is significant. Under the amended version of the statute, depreciation expenses for replacement business equipment, if shown on the books of the business, are ordinary and necessary expenses. This language was absent from the statute relied upon in Kamm. Thus, the trial court's reliance upon Kamm's blanket statement that all depreciation was barred as ordinary and necessary expenses was misplaced. Therefore, since the trial court misinterpreted R.C.3113.215(A)(4)(a) and (b) and failed to consider the amendment to R.C.3113.215(A)(4), made subsequent to Kamm, we conclude that we must reverse and remand this matter to the trial court to reconsider this matter under the amended version of R.C. 3113.215(A)(4). That means that the trial court shall consider whether or not there was evidence to show that all or any part or parts of the $12,822.00 were "depreciation expenses of replacement business equipment as shown on the books of a business entity." R.C. 3113.215(A)(4). Accordingly, to the extent that it involves this issue, appellant's second assignment of error is sustained.
 III
In the third assignment of error, appellant argues that the trial court abused its discretion and prejudiced appellant's rights when he was not noticed or permitted to reargue his objections when a judge, other than the judge originally assigned, was assigned to the case. We disagree. As discussed above, the issues raised on appeal were first heard before a Magistrate on November 9, 1998, and December 8, 1998. Upon issuance of the Magistrate's Decision on January 28, 1999, appellant filed timely objections to the Decision. Appellant did not request an oral hearing. When objections to a Magistrate's Order are filed, the trial court "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53(E)(4)(b). Supplemental Local Rule 8A, as adopted by the Tuscarawas County Court of Common Pleas, provides the following rule regarding oral hearings on Objections to Magistrate Decisions: Appeals from and/or Requests for stay of Magistrates Orders pursuant to Civil Rule 53(C)(3)(a) and Objections to Proposed Decisions filed by the Magistrate pursuant to Civil Rule 53(E)(3)(a) and (b) will normally be considered by the Court on the second Monday after filing. Said appeals/objections will be considered non-orally unless the Court in its discretion grants an Oral Hearing thereon.
Upon a review of the issues and record that was before the trial court, we find that the trial court did not abuse its discretion in failing to set this matter for oral argument. The record before the newly assigned trial judge contained the transcript of the Magistrate's Hearing, the Magistrate's Decision and the Objections of appellant. We do not find nor has appellant explained to this court how, the newly assigned judge's actions were prejudicial to appellant or an abuse of discretion. Appellant's third assignment of error is overruled.
The decision of the Tuscarawas County Court of Common Pleas is reversed and remanded.
Edwards, J. Farmer, P.J. and Milligan, J. concurs