DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, Domestic Relations Division, in a case involving the modification of a child support order. Because we conclude that the trial court did not err in making its determinations, we affirm.
On October 23, 1998, appellee, Lorie Taylor, initiated an administrative review of child support paid by appellant, Jerry J. Suchy, through the Lucas County Child Support Enforcement Agency ("LCCSEA"). As a result of this review, appellant's child support was increased in March 1999 from $387 per month to $1,896.17 per month, plus poundage. On April 16, 1999, appellant appealed the increase by requesting a hearing before the Lucas County Court of Common Pleas, Domestic Relations Division. Appellant appealed the calculation of his income, focusing specifically on the exclusion of an amount attributed to depreciation of limousines used in one of his businesses.
Appellant testified at a hearing conducted by a magistrate. At the hearing, he offered evidence of his income, including copies of tax returns. Appellant's accountant also testified as to how appellant's 1997 tax returns were prepared from information provided by appellant. The magistrate found that appellant is the sole proprietor of "Supreme Limousine" service, begun in 1994 with a single limousine. Appellant currently has offices in Toledo, Ohio and Lakeland, Florida with twenty-two vehicles in his fleet. The magistrate found that the 1997 gross receipts from the limousine service were $640,214; deductible business expenses were $420,901. Appellant also received gross income of $7,200 with business expenses of $5,804 from a business called "Sports 
Import Motorcars,"[1] and showed a loss of $5,318 on residential rental property located in Florida.
The magistrate excluded depreciation claimed on the limousines, finding that there was no evidence presented that this cost was for replacement of business equipment. The magistrate then affirmed the findings of the LCCSEA hearing officer, concluding that the reinvestment of profits into a business merely to increase the size of the business and avoid paying child support is against the best interest of a child in need of that support. Appellant filed objections to the magistrate's order which were overruled by the trial court.
Appellant now appeals, setting forth the following sole assignment of error:
 "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DISALLOWED THE DEDUCTION FOR DEPRECIATION IN ITS ENTIRETY IN CALCULATING APPELLANT'S 1997 INCOME FOR THE PURPOSE OF COMPUTING APPELLANT'S CHILD SUPPORT OBLIGATIONS."
Appellant essentially argues that, since depreciation is a valid deduction on his income tax return, this automatically makes it a valid deduction for purposes of child support calculations. We disagree.
An appellate court will not reverse a trial court's child support order absent an abuse of discretion. See Rock v. Cabral (1993),67 Ohio St.3d 108. An abuse of discretion requires a conclusion that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
For purposes of child support calculation, "gross income" includes "self-generated income." R.C.3113.215(A)(2).[2] R.C. 3113.215(A), applicable at the time of appellant's review, stated in pertinent part:
 "(3) `Self-generated income' means gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts. * * *
 "(4)(a) `Ordinary and necessary expenses incurred in generating gross receipts' means actual cash items expended by the parent or the parent's business and includes depreciation expenses of replacement business equipment as shown on the books of a business entity.
 "(b) Except as specifically included in `ordinary and necessary expenses incurred in generating gross receipts' by division (A)(4)(a) of this section, `ordinary and necessary expenses incurred in generating gross receipts' does not include depreciation expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or the parent' business." [Emphasis added.]
As stated in Helfrich v. Helfrich (Sept. 17, 1996), Franklin App. No. 95APF12-1599, unreported, the rationale behind deductions for child support purposes is different from those for income tax purposes:
 "The legislature has specifically provided a definition of ordinary and necessary expenses to be applied when determining the amount of income available for child support. Further, the purposes underlying the Internal Revenue Code and the child support guidelines are vastly different. The tax code permits or denies deduction from gross income based on myriad economic and social policy concerns which have no bearing on child support. The child support guidelines in contrast are concerned solely with determining how much money is actually available for child support purposes. To this end, R.C. 3113.215(A)(2) includes nontaxable income in `gross income' for purposes of calculating child support. This recognizes the economic reality that all money earned by a parent, irrespective of its taxability, is in fact income to that parent."
Thus, the exclusion of noncash items and certain depreciation deductions from ordinary and necessary business expenses for child support purposes ensures that a parent's gross income is not reduced by amounts that were not actually expended. See Marcus v. Marcus (Jul. 30, 1999), Greene App. No. 98 CA 83, unreported; Emary v. Emary (Oct. 23, 1996), Lorain App. No. 96CA006353, unreported. Recognizing that the growth of a business may lead to more income available for child support, the purchase of capital assets which are necessary to the parent's business may be deducted from profits. Helfrich, supra.
Nevertheless, a court may determine that a parent has made "excessive capital expenditures" and may deviate from the child support guidelines in the best interest of the child. Kamm v. Kamm (1993), 67 Ohio St.3d 174,177; Helfrich, supra. Each case must be reviewed on an individual basis.Kamm, supra, at 178. If insufficient evidence is presented to determine which items were replacement equipment or were "ordinary and necessary" to the ongoing business, a court may properly find that depreciation attributed to those items is not deductible from the parent's income. SeeMarcus, supra.
In the present case, the trial court credited appellant with more that $432,000 in deductions for ordinary and necessary expenses and losses from appellant's secondary business income,[3] leaving a net income amount of $215,391. To deduct the additional $235,275 attributed to "depreciation" for the vehicles in the fleet, appellant needed to show that it or some portion of it was either an expense for replacement equipment or a capital expenditure which is ordinary and necessary to the operation of the business. The only pertinent information provided by appellant about the vehicles, however, was that he began with one limousine in 1994, had increased the fleet to twenty-two vehicles by 1997, and that he was "updating" the vehicles by purchasing newer models. Nothing in the record, however, indicates when he acquired specific vehicles, which ones were replaced and which were simply new additions. Moreover, no specific evidence was provided as to the reasonableness or necessity of expanding the fleet.[4]
In our view, appellant failed to meet his burden to show that the vehicles were, in fact, replacements or necessary capital expenditures. Thus, while the depreciation shown may have lowered his income for the purposes of paying income tax, for child support purposes, appellant had income in excess of $200,000. Therefore, since the income upon which the child support is based is supported by evidence in the record, we cannot say that the trial court abused its discretion by increasing appellant's child support obligation.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Peter M. Handwork, JUDGE
James R. Sherck, J. and Mark L. Pietrykowski, P.J. CONCUR.
[1] At the hearing, evidence was presented that appellant rents one-half of the Toledo office building to the car sales business. Although appellant denied that he receives any income other than rent from Sports Imports, the business operates on a license in appellant's name and the vehicles purchased are titled in his name.
[2] R.C. 3113.215 was repealed on March 22, 2001. This section has been replaced by the addition of Chapter 3119 which deals solely with child support orders.
[3] We also note that "losses" from a secondary business which are not attributed to actual cash losses, may not be automatically used to offset income from the primary income. See Muehrcke v. Muehrcke (Oct. 22, 1998), Cuyahoga App. No. 73434, unreported. In this case, the court credited appellant with the deduction for the losses from his rental income to offset his gross income, even though there is nothing to indicate that these were actual rather than just "paper" losses. This issue, however, has not been cross-appealed, so we decline to address whether this deduction was proper.
[4] We also find this problematic in light of the information provided from appellant's bankruptcy petition from which the court found that the net value of the vehicles amounted to $135,175.