**BECKLEY, n.k.a. Bussey, Appellant,**

v.

**BECKLEY, Appellee.**

[Cite as *Beckley v. Beckley* (1993), 90 Ohio App.3d 202.]

Court of Appeals of Ohio,
Greene County.

No. 92–CA–96.

Decided Sept. 10, 1993.

*David A. Orlins,* for appellant.

*Douglas B. Gregg,* for appellee.

BROGAN, Judge.

Appellant, Evelyn C. Beckley, n.k.a. Bussey, appeals from the judgment of the Greene County Court of Common Pleas, Domestic Relations Division, in favor of appellee, Eddie Ray Beckley.

The underlying facts and procedural history of the case are as follows. Appellant and appellee were divorced on January 7, 1985. The domestic relations court granted to appellant custody of two of the parties' minor children, Steven and Janel, while appellee was granted custody of the parties' oldest minor child, Jason. Appellee was ordered to pay $90 ($45 per child) per week in child support to appellant for the two minor children in her custody.

Approximately two years following the divorce, appellant sought an increase in child support. Following a hearing on December 21, 1987, a referee recommended that the child support paid by appellee be increased to $58 per week, per child, for a total of $116 per week effective December 25, 1987. In her report and recommendation to the trial court, the referee noted:

"This figure is calculated per child support guidelines for split custody and has considered the difference in the income of the parties." [1]

On May 19, 1992, appellant filed a two-branch motion seeking a modification of child support. In the first branch of the motion, appellant sought an order from the domestic relations court "terminating" the child support paid for the minor child, Jason, for the reason that he was emancipated by virtue of his graduation from high school. In the second branch of the motion, appellant asked the court for an increase in child support for the reason that there had been a substantial change of circumstance since the previous order of the court.

---

1. Generally, in a split custody arrangement, the party who is ordered to pay child support will pay less than he or she would have had to pay under a strict reading of the child support guidelines because the court will reduce the support order by the amount of the support obligation of the other party. See R.C. 3113.215(F) and lines 17 and 18 of worksheet. Thus, even though only one parent actually pays child support, both parents, as a matter of law, have support obligations flowing to the child(ren) in the custody of the other parent. This arrangement simply disposes of the necessity to implement the somewhat absurd practice of ordering the parties to exchange child support payments. Through the split custody arrangement, the court implicitly orders the nonpaying parent to "pay" support to the paying parent.

A hearing was held on the motion on July 23, 1992. In a judgment entry filed on August 19, 1992, the domestic relations court overruled both branches of appellant's motion.

With reference to branch one, the court stated that it could not terminate the child support paid to appellee since there was never a formal support order made requiring appellant to pay appellee.

With reference to branch two, the court refused to modify the child support order because it found that the current child support calculation did not exceed the previous child support order by the statutory requisite ten percent.

In its calculation of the support differential, the court found that appellee was currently ordered to pay $116 per week to appellant for the two minor children in her custody under the split custody arrangement. However, the court found that under the current support order appellee was required to pay less than he should have under the child support guidelines because appellant was not required to pay anything to appellee for the child in appellee's custody. The court then proceeded to calculate the differential based on what appellee should have paid in the absence of a split custody arrangement rather than what appellee was actually ordered to pay.

In essence, the court found that appellee should have paid $83 per week, per child, to appellant for support of the two minor children in her custody if the split custody arrangement were not taken into account. Furthermore, the court found that the current computation of child support would amount to only $87.83 per week, per child. The court denied branch two of appellant's motion because there was not a ten percent difference between the two figures.

Appellant appeals from the decision of the domestic relations court overruling her motion. Appellant advances the following two assignments of error: "(1) the court erred as a matter of law in finding it could not terminate the child support paid by appellant; and (2) the trial court erred as a matter of law and abused its discretion in not ordering an increase in the child support appellee pays to appellant."

 In her first assignment, appellant argues that the domestic relations court erred in refusing to "terminate" the child support obligation of appellant due to the emancipation of Jason. We agree.

The domestic relations court found that it could not terminate the child support "paid" by appellant to appellee because no support order existed and because appellant had "never actually paid child support to" appellee. We find the domestic relations court's reasoning to be flawed and not in accordance with statutory mandates.

R.C. 3113.215(F) states:

"When a court calculates the amount of child support that will be required to be paid pursuant to a child support order in a proceeding in which both parents have split parental rights and responsibilities with respect to the children who are the subject of the child support order, the court shall use a worksheet that is identical in content and form to the following worksheet[.]"

Lines 17 and 18 of the worksheet prescribed by the Revised Code provide that the net child support payable to one parent in a split custody case is the difference between the child support obligation of the father and the child support obligation of the mother. Thus, when a court orders one parent to pay the other parent child support under a split custody scenario, the court implicitly orders the nonpaying parent to "pay" his or her support obligation, not in a separate payment, but through a reduction in the amount of child support received from the paying parent. When Jason was emancipated, appellant was no longer required by law to support the adult child and was entitled to have her part of the support obligation "terminated." The domestic relations court could have accomplished this by simply increasing the amount of support appellant received from appellee for the two remaining minor children in her custody to the full amount she would receive for two children under the current child support guidelines in the absence of a split custody arrangement. Even the domestic relations court admits that under current guidelines appellee should be paying appellant $87.83 per week, per child, with no setoff for split custody.

Accordingly, appellant's first assignment of error is sustained.

■ In her second assignment of error, appellant argues that the trial court abused its discretion in not ordering an increase in child support from appellee due to changed circumstances. Appellant argues that the court erred in making its calculations on whether there was at least a ten percent difference in the amount of the previous support order and the amount of the recalculated support order.

Specifically, the court found that appellee's previous child support obligation *should have been* $83 per week, per child (presumably without the setoff of the split custody arrangement), and that his current obligation would be $87.83 per week, per child. We agree that such a determination on the part of the domestic relations court constitutes an abuse of discretion amounting to reversible error.

R.C. 3113.215(B)(4) requires the court to order a modification of the amount of support pursuant to the child support guidelines "if that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support that is required to be paid *pursuant to the existing child support order * * *.*" The existing child support order in this case requires

appellee to pay to appellant $116 per week total. This is the figure with which the court must begin in calculating the ten percent differential from the previous support order to the current amount of support owed. As is quite evident, there is significantly more than a ten percent difference between $116 per week total, and $87.83 per week, per child.

Accordingly, appellant's second assignment of error is sustained.

In light of the foregoing, the judgment of the Greene County Court of Common Pleas, Domestic Relations Division, is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

GRADY, P.J., and FREDERICK N. YOUNG, J., concur.