SULLIVAN, Appellant,

v.

SULLIVAN, Appellee.

[Cite as *Sullivan v. Sullivan* (1999), 135 Ohio App.3d 222.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980643.

Decided Sept. 24, 1999.

*Barbara J. Howard,* for appellant.

*Phyllis G. Bossin,* for appellee.

---

*Per Curiam.*

Melinda K. Sullivan appeals from the decision of the domestic relations court granting the motion of her former husband, Timothy C. Sullivan, to modify the amount of child support he was then paying. In her two assignments of error, she asserts (1) that the trial court erred by deducting from her former husband's gross income the sum of $32,000 as an ordinary and necessary business expense, and (2) that the trial court erred in finding a change of circumstances warranting a modification of her former husband's child-support obligation. Because we can find no basis in the record upon which the trial court could have calculated a deduction of $32,000, we find merit in the first assignment of error and remand this matter to the trial court for further proceedings.

I

By decree of dissolution entered April 30, 1996, Timothy Sullivan was required to pay monthly child support in the amount of $803.35 for each of his three children. This figure was calculated using the statutory formula based upon a stipulated gross annual income of $145,000. Less than eleven months later, Timothy Sullivan filed a motion to modify child support based upon a substantial change in his financial circumstances. Specifically, Timothy Sullivan alleged that on January 1, 1996, he had gone from being an income partner to an equity partner in one of Cincinnati's leading law firms. He stated that, consequently, at the time of the dissolution, he was uncertain as to his exact annual income and had only estimated it at $145,000. As an equity partner, he stated, his actual monthly draw was $9,500, while additional earnings were deposited into a capital account until the amount deposited equaled the amount of his partnership "buy-in." Thus, he claimed, his annual gross income was $114,000 in 1996, and was expected to be the same in 1997.

A hearing was held before a magistrate on July 9, 1997. In a subsequent decision, the magistrate concluded summarily that a change in circumstances had occurred and that the motion to modify child support was well taken. The amount of monthly child support for each child was reduced to $629.82. The magistrate's child-support-computation worksheet listed Timothy Sullivan's "annual gross income" as $114,000, with no deductions for ordinary and necessary expenses.

Melinda Sullivan filed objections to the magistrate's decision. Among her objections was a claim that the magistrate had incorrectly accepted Timothy Sullivan's argument that annual gross income should be based exclusively on his monthly draw of $9,500. She argued that this was in error because the statutory definition of "gross income" contained in R.C. 3113.215(A)(2) refers to "potential cash flow from any source," and therefore encompasses the additional income that Timothy Sullivan earned but chose to have paid into a capital account toward his buy-in.

The trial court overruled some of Melinda Sullivan's objections and sustained others. In its child-support-computation worksheet, the trial court set forth Timothy Sullivan's annual gross income as $160,335. Then, however, the trial court did something with an amount that neither party can adequately explain. Under the category of deductions for ordinary and necessary expenses for the self-employed, the trial court gave Timothy Sullivan a deduction of $32,000. After deducting this amount, the trial court arrived at an adjusted annual gross income of approximately $126,000, a sum neither party had proffered. Based upon the difference between this figure and the stipulated income of $145,000 in the decree of dissolution, the trial court reduced Timothy Sullivan's monthly child-support obligation per child from $803.35 to $702.

II

On appeal, Melinda Sullivan argues that there is no basis for the trial court's deduction of $32,000 as an ordinary and necessary expense of Timothy Sullivan's self-employment. She makes this argument on two grounds: first, that the figure of $32,000 is without any support in the record, appearing to have been plucked out of thin air, and, second, that even if it is assumed that this figure was meant to represent some adjustment for Timothy's Sullivan's income shortfall as a result of his decision to become an equity partner, the diversion of earnings into a capital account for the purpose of buying an equity share in a partnership is not an "ordinary and necessary" business expense. Rather, she asserts, the account represents a discretionary capital investment.

On the other hand, although Timothy Sullivan cannot offer any computational justification for the deduction of $32,000, he argues that this was an effort by the court to achieve some degree of fairness as a result of his income shortfall. He contends that the action of the trial court was legally justified under R.C. 3113.215(B)(3), which allows the trial court to consider the "[d]isparity in income between parties or household" in addition to "[a]ny other relevant factor" in determining child support.

The problem with Timothy Sullivan's argument, as his former wife correctly points out, is that R.C. 3113.215(B)(3) does not give the trial court any license to take liberties with the worksheet, which at all times must be accurately filled out. *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph two of the syllabus; *Congdon v. Congdon* (Nov. 13, 1998), Hamilton App. No. C–971002, unreported, 1998 WL 789144. Only after the worksheet is correctly filled out may the trial court then decide to deviate from the statutory child-support obligation. In order to do so, however, the trial court must enter in its journal the statutory amount of child support, a determination that the amount would be "unjust or inappropriate and would not be in the best interest of the child," and findings of fact supporting that determination. R.C. 3113.215(B)(2)(c)(ii) and (4); *Congdon, supra.* No such findings were made in this case.

One of the central issues briefed by the parties is whether Timothy Sullivan was entitled to a deduction allowance for his capital contribution to his law firm, assuming that this is what the $32,000 was supposed to represent. The Ohio Supreme Court has held that acquisition of a capital asset may be deductible against a child-support obligor's gross receipts provided that it is both " 'ordinary and necessary' and is acquired by an actual cash expenditure." *Kamm v. Kamm* (1993), 67 Ohio St.3d 174, 616 N.E.2d 900, paragraph one of the syllabus. The capital asset in *Kamm* was a tractor acquired by a farmer.

In a case with facts far more relevant here, a majority of the Eighth Appellate District refused to extend the syllabus of *Kamm* to allow a deduction for the capital contribution of an equity partner to his accounting firm. *Higgins v. Danvers* (Nov. 6, 1997), Cuyahoga App. No. 71352, unreported, 1997 WL 691183. The majority in *Higgins* reasoned simply that "[t]he purchase by an accountant of an equity interest in a partnership is not even remotely analogous to the purchase by a farmer of a tractor." Judge O'Donnell, however, dissented from this view, arguing that the only requirements for the deduction in *Kamm* should be (1) that the acquisition of the capital asset be "ordinary and necessary"—not that it be a business "expense" as such and (2) that allowance of the deduction be in the best interest of the child, as it would be if the asset were acquired to generate more income that would inure to the benefit of the child.

As worthy an issue as this is, we do not reach it here because of the impossibility of knowing whether the trial court was, in fact, seeking to allow this sort of deduction, and, if so, upon what computational basis it arrived at the figure of $32,000. As Melinda Sullivan states in her brief: "Such a figure was never advanced by any party. It does not appear in any exhibit or testimony.

* * * The figure [$32,000] is not calculable through any simple or complex mathematical computation of any figure properly in evidence before the Trial Court."

The difficulty from an appellate perspective is that, without an explanation of how the trial court arrived at the figure $32,000, it is impossible to know what the figure was supposed to represent—whether it was an actual accounting of the expense of becoming an equity partner, or merely, as Timothy Sullivan argues, a figure chosen at the trial court's discretion to "arrive at an adjusted gross annual income which is clearly more fair." If it was meant to be an accounting, the trial court cannot simply make up numbers. If it was meant to be an exercise of the trial court's discretion, the trial court chose the wrong procedure by creating a false deduction and failing to make the statutorily required findings that would have allowed it to deviate from the worksheet.

As both parties agree, our standard of review is whether the trial court abused its discretion. To be such an abuse, the judgment must be either arbitrary, unreasonable, or unconscionable. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 616 N.E.2d 218. We hold that the trial court's apparent allowance of a deduction in an amount that had no foundation in the evidence was arbitrary. Accordingly, we sustain Melinda Sullivan's first assignment of error and do not reach her second because it is rendered moot. The trial court's judgment is reversed and this cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., HILDEBRANDT and GORMAN, JJ, concur.