OPINION
Plaintiff-appellant Robert Ullom appeals the decision of the Columbiana County Common Pleas Court, Domestic Relations Division, ordering him to pay $355.37 plus processing fees per child per month in child support. This court is asked to determine whether the trial court's calculation of child support was incorrect. For the reasons discussed below, the decision of the trial court is hereby reversed and remanded for proceedings consistent with this opinion.
 FACTS
Robert and Mary Ann were married September 29, 1984. Two children were born as issue of this marriage. Appellant and appellee were divorced on May 1, 1996. A shared parenting plan was adopted. The children resided with appellee during the school week and with appellant during weekends. Appellant was ordered to pay child support. In October 2000, appellant moved to modify the allocation of parental rights to designate him as primary residential parent of one of the minor children. The court ordered the parties to mediation. During mediation, the parties reached an agreement which was memorialized in the Amended Memorandum of Understanding. The Amended Memorandum of Understanding stated that the oldest child would reside with appellant during the school week and the youngest child would reside with appellee during the school week. On the weekends the children would be together, and appellant and appellee would alternate weekends with the children.
The case proceeded before the trial court where the Amended Memorandum of Understanding was adopted. The trial court proceeded to determine the amount of child support. The trial court stated that the only issue to be decided regarding child support, was the amount of appellee's income. The trial court used the shared parenting plan worksheet to determine child support. The trial court ordered appellant to pay $355.37 plus processing fees per child per month. Appellant timely appealed.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error contends:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THE APPROPRIATE AMOUNT OF CHILD SUPPORT, BY FAILING TO USE THE CORRECT CHILD SUPPORT WORKSHEET, OR IN THE ALTERNATIVE, BY FAILING TO CONSIDER THE EXTRAORDINARY CIRCUMSTANCES, AND DEVIATING FROM THE CALCULATED CHILD SUPPORT, BASED UPON THE EXTRAORDINARY CIRCUMSTANCES OF THE PARTIES."
When the parties divorced, a shared parenting plan was issued. The plan stated that during the school year the children would stay with appellee during the week and on weekends would stay with appellant. That plan had been in effect for nearly four years when appellant requested a modification of parental rights; he requested to be designated as the primary residential parent of the eldest minor child. Through mediation, the parties agreed to modify the parenting plan which is evidenced by the Amended Memorandum of Understanding. The practical effect of the Amended Memorandum of Understanding was that in a thirty day month, the oldest child will be spending twenty-six days with appellant and four days with appellee. The trial court adopted the Amended Memorandum of Understanding, and ordered appellant to pay $355.37 in child support for this child who is living with him 86% of the time.
However, the Amended Memorandum of Understanding is ambiguous. It contains conflicting provisions as to whether the parties are simply modifying the shared parenting plan or whether the parties are implementing a split parenting plan. There is a mutual mistake of fact as to the terms the parties are agreeing to in the Amended Memorandum of Understanding.
On the first page of the Amended Memorandum of Understanding, the parties state that it is their desire to enter into an agreement for the shared parenting of their minor children. Shared parenting is defined as "the parents share, in * * *, all or some of the aspects of physical or legal care of their children." R.C. 3109.04(J). Throughout the first two pages of this document the parties agree to cooperate with each other on all matters and things involved or relating to the upbringing of both children. In regards to these provisions, this agreement appears to be a shared parenting agreement.
However, on page three, the parties state that they agree to a split custody arrangement where the oldest child's primary allocation is with appellant and the youngest child's primary allocation is with appellee. R.C. 3119.01(B)(14) defines split parental rights as "a situation in which there is more than one child who is the subject of an allocation of parental rights and responsibilities and each parent is the residential parent and legal custodian of at least one of those children." The Amended Memorandum of Understanding does allocate primary rights and responsibilities of the oldest child to appellant and the youngest child to appellee, and each parent is the residential parent of the child while they are in possession of the child. Furthermore, the last paragraph of the Amended Memorandum of Understanding indicates that this agreement is a split parenting agreement. This paragraph states:
 "The parties have provided financial information for child support calculation purposes and have been provided a copy of the split custody computation as per their request. Each party shall review the same with their respective counsel for any additions, deletions, modifications or adjustments that their respective counsel deem appropriate and fair." (Amended Memorandum of Understanding page 4).
These provisions indicate that the parties were agreeing to a split parental rights arrangement.
Reading the Amended Memorandum of Understanding as a whole, it appears that there was a mutual mistake of fact between the parties as to what arrangement they were agreeing to implement. See Pharmacia Hepar, Inc.v. Franklin (1996), 111 Ohio App.3d 468, 478, citing Reilley v. Richards
(1994), 69 Ohio St.3d 352 [In contracts, a mutual mistake of fact as to a material part of the contract is grounds for recission. A mutual mistake of fact is present where a mistake by both parties as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances. Restatement of the Law 2d, Contracts (1981) 385, Mistake, Section 152(1)]. At mediation, there was not an actual meeting of the minds as to what the parties agreement was. This is evidenced by the above conflicting provisions in the Amended Memorandum of Understanding. As such, the trial court's decision is reversed to determine whether the Memorandum of Understanding is a modification of the shared parenting plan or an agreement to terminate the shared parenting plan and an adoption of a split parental rights arrangement.
Appellee argues that the Amended Memorandum of Understanding cannot be a split parental rights arrangement because appellant did not request a termination of the shared parenting plan in accordance with R.C.3109.04(E)(2)(c). However, appellant's motion for modification of parental rights requested that he be named the primary residential parent of the eldest minor child. As stated above, being named a primary residential parent is a key feature of a split parental rights arrangement. R.C. 3119.01(B)(14). Furthermore, as explained above, the ambiguity in the Amended Memorandum of Understanding, created a mutual mistake of fact as to what the parties were agreeing to. Appellee thought the Amended Memorandum of Understanding was a modification of the shared parenting plan, while appellant believed the parties were agreeing to the termination of the shared parenting plan and the implementation of a split parental rights arrangement. Therefore, appellee's argument fails.
Upon remand, if the trial court determines that the shared parenting plan was merely modified, the parties should be allowed to present evidence of deviation from the statutory child custody award due to the amount of time the children will be spending with each parent. A parent who is ordered to pay child support under a shared parenting plan is not entitled to an automatic credit for the time the child is residing with that parent. Hubin v. Hubin (Aug. 29, 2000), 10th Dist. No. 99AP-1156, citing Pauly, 80 Ohio St.3d 386. A trial court may consider extraordinary circumstances and other factors to deviate the child support obligation. R.C. 3119.24(A)(2). Extraordinary circumstances include the amount of time the children spend with each parent, the ability of each parent to maintain adequate housing and the amount of expense such parent sustains. Hubin, 10th Dist. No. 99AP-1156; R.C. 3119.24
(B)(1). If the trial court chooses to deviate a child support award, it must enter in its journal entry the statutory amount of child support, a determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination. Pauly, 80 Ohio St.3d at 389; Sullivan v. Sullivan
(1999), 135 Ohio App.3d 222.
Regardless of whether the trial court determines that a shared parenting plan or a split parental rights arrangement is adopted, it must use the worksheet which corresponds with the parenting plan that it orders, i.e. a shared parenting plan order requires use of the shared parenting worksheet, a split parenting plan requires use of the split parenting worksheet. "When a court or a child support enforcement agency calculates the amount of child support to be paid pursuant to a child support order * * * in which the court issues a shared parenting order," the court or agency shall use a shared parenting plan worksheet. R.C.3119.022. A split parental rights arrangements under R.C.3119.01(B)(14)[1], requires application of the corresponding worksheet when each parent is the residential parent, and the only residential parent, of at least one child. Paluch v. Paluch (June 3, 1998), 9th Dist. No. 18515, citing Beckley v. Beckley (1993), 90 Ohio App.3d 202 (holding that R.C. 3113.215(A)(8) requires application of the split custody worksheet); Jordan v. Bailey (Aug. 5, 1993), 3rd Dist. No. 1-93-2. Courts have stated that the above language is mandatory and must be followed literally and technically in all respects. Marker v. Grimm (1992),65 Ohio St.3d 139, paragraph two of the syllabus (ruling that the language in R.C. 3113.215[2] is mandatory). Failure to comply with the statute constitutes reversible error. See Miller v. Miller (Sept. 17, 1999), 1st Dist. No. C-980892 (holding that a shared parenting worksheet was required to be used despite the parties agreement that the split parental rights worksheet should apply, because a true shared parenting plan was in place). Therefore, if the Amended Memorandum of Understanding was a modification of the shared parenting arrangement, the shared parenting worksheet must be used. However, if the modification was a split custody arrangement, the split custody worksheet must be used.
For the foregoing reasons, the decision of the trial court is hereby reversed and this cause is remanded for a determination of whether the shared parenting plan was modified or whether a split parental rights arrangement was adopted. If the trial court determines that a shared parenting arrangement was entered into, appellant may present evidence in support of a deviation.
Waite, J., and DeGenaro, J., concur.
[1] R.C. 3113.215 is the predecessor to most of the child support statutes. The language in R.C. 3119.01(B)(14) is identical to the language in R.C. 3113.215(A)(8). As such, prior court analysis and interpretation of the language is applicable.
[2] See fn. 1. The language in R.C. 3119.022 is practically identical to the language in R.C. 3113.215(E). As such, prior court analysis and interpretation of the language is applicable.