OPINION
{¶ 1} Defendant-appellant, Mary Ann Ullom, n.k.a., Mary Ann Mason, appeals from a decision of the Columbiana County Common Pleas Court, Domestic Relations Division modifying child support as between appellant and plaintiff-appellee, Robert Allen Ullom.
 {¶ 2} Appellant and appellee are the parents of two minor children: Thomas, d.o.b. 5/24/85, and Shawn, d.o.b. 1/18/87. The parties were divorced on May 1, 1996 after 11½ years of marriage. The divorce decree included a shared parenting plan whereby both parents were designated as the residential parent of both children and the children spent the weeks with appellant and the weekends with appellee. Additionally, the divorce decree ordered appellee to pay appellant child support as determined by the shared parenting child support computation worksheet.
 {¶ 3} In October 2000, appellee filed a motion to modify allocation of parental rights and responsibilities. He sought an order designating him as Thomas's primary residential parent. The parties entered into an agreement termed "Amended Memorandum of Understanding" (Memorandum). The Memorandum provided that during the week, Thomas would reside with appellee and Shawn would reside with appellant. On the weekends, the children would be together with the parties alternating weekends with the children. The case then proceeded before the trial court on the issue of support. In a June 25, 2001 judgment entry, the court stated that the sole issue to determine was the amount of income to attribute to appellant. The court used the shared parenting plan worksheet to determine child support. Per the worksheet, the court ordered appellee to pay $355.37, plus processing fees, per child per month ($724.94 per month total).
 {¶ 4} Appellee appealed the June 25, 2001 judgment entry to this court. He argued that the trial court erred in using the shared parenting worksheet to determine support instead of using the split parenting worksheet. In the alternative, appellee argued the court failed to deviate from the calculated child support considering the parties' extraordinary circumstances. This court determined that the parties' Memorandum was ambiguous because it contained conflicting provisions as to whether the parties simply modified the shared parenting plan or whether they implemented a split parenting plan. Ullom v. Ullom, 7th Dist. No. 01-CO-33, 2002-Ohio-3005, at ¶ 7. We remanded the case for the trial court to determine whether the parties modified the shared parenting plan or implemented a split parenting plan. We instructed the trial court that if it determined the parties merely modified the shared parenting plan, the parties should be allowed to present evidence of deviation from the statutory child support award due to the amount of time the children would be spending with each parent. Additionally, we instructed the trial court that regardless of whether it determined that the parties modified a shared parenting plan or adopted a split parenting plan, it was to use the worksheet which corresponded with the parenting plan it ordered. Id. at ¶ 15.
 {¶ 5} Upon remand, the trial court held a hearing. In its July 19, 2002 judgment entry it found that the parties intended to enter into a modification of the original shared parenting plan. However, the court then recalculated child support using the split parenting plan worksheet. It reasoned that the practical effect of the parties' shared parenting arrangement was that each party now had a child, as if they had sole custody of that child, or had a split custody arrangement. Using the split parenting plan worksheet, the court ordered appellee to pay $370.97 per month, plus processing fees. It is from this judgment that appellant filed her timely notice of appeal on August 15, 2002.
 {¶ 6} Appellant raises two assignments of error, the first of which states:
 {¶ 7} "The trial court erred as a matter of law when it disregarded R.C. § 3119.022 and the prior order of the court of appeals by using a split parenting worksheet to calculate child support when the parties had shared parenting."
 {¶ 8} Appellant complains that by using the split parenting worksheet the trial court failed to follow R.C. 3119.022 and this court's remand order. She argues R.C. 3119.022 mandates that a shared parenting situation requires the use of the shared parenting plan worksheet. Appellant further asserts that this court made clear that if the trial court found the Memorandum was a modification of the previous shared parenting plan, it was to use the shared parenting plan worksheet to compute child support. Appellant contends that under the law of the case doctrine, upon rehearing following remand, the trial court is bound to adhere to the appellate court's determination of the applicable law. Citing, Nolan v. Nolan (1984), 11 Ohio St.3d 1. Since the trial court failed to abide by the law of the case and R.C. 3119.022, appellant urges we must reverse the trial court's child support order.
 {¶ 9} When reviewing a child support matter, the appropriate inquiry is whether the trial court abused its discretion. Roche v.Roche, 7th Dist. No. 01-CA-13, 2002-Ohio-1538, at ¶ 8, citing Boothv. Booth (1989), 44 Ohio St.3d 142, 144. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} R.C. 3119.022 provides:
 {¶ 11} "When a court or child support enforcement agency calculates the amount of child support to be paid pursuant to a child support order in a proceeding in which one parent is the residential parent and legal custodian of all of the children who are the subject of the child support order or in which the court issues a shared parenting order, the court or agency shall use a worksheet identical in content and form to the following."
 {¶ 12} R.C. 3119.023 provides:
 {¶ 13} "When a court or child support enforcement agency calculates the amount of child support to be paid pursuant to a court child support order in a proceeding in which the parents have split parental rights and responsibilities with respect to the children who are the subject of the child support order, the court or child support enforcement agency shall use a worksheet that is identical in content and form to the following."
 {¶ 14} R.C. 3119.022 and 3119.023 then set out the appropriate worksheets for the court to use in the given situations.
 {¶ 15} Furthermore, in Ullom, 2002-Ohio-3005, we stated:
 {¶ 16} "Regardless of whether the trial court determines that a shared parenting plan or a split parental rights arrangement is adopted,it must use the worksheet which corresponds with the parenting plan thatit orders, i.e. a shared parenting plan order requires use of the shared parenting worksheet, a split parenting plan requires use of the split parenting worksheet. `When a court or a child support enforcement agency calculates the amount of child support to be paid pursuant to a child support order * * * in which the court issues a shared parenting order,' the court or agency shall use a shared parenting plan worksheet. R.C.3119.022. A split parental rights arrangements under R.C. 3119.01(B)(14) [a prior version of the applicable statutes], requires application of the corresponding worksheet when each parent is the residential parent, and the only residential parent, of at least one child. Paluch v. Paluch
(June 3, 1998), 9th Dist. No. 18515, citing Beckley v. Beckley (1993),90 Ohio App.3d 202 (holding that R.C. 3113.215(A)(8) requires application of the split custody worksheet); Jordan v. Bailey (Aug. 5, 1993), 3rd Dist. No. 1-93-2. Courts have stated that the above language is mandatory and must be followed literally and technically in all respects. Markerv. Grimm (1992), 65 Ohio St.3d 139, paragraph two of the syllabus (ruling that the language in R.C. 3113.215 [which is nearly identical to the current R.C. 3119.022] is mandatory). Failure to comply with the statute constitutes reversible error. See Miller v. Miller (Sept. 17, 1999), 1st Dist. No. C-980892 (holding that a shared parenting worksheet was required to be used despite the parties agreement that the split parental rights worksheet should apply, because a true shared parenting plan was in place). Therefore, if the Amended Memorandum of Understanding was a modification of the shared parenting arrangement, the shared parenting worksheet must be used. However, if the modification was a split custody arrangement, the split custody worksheet must be used." Id. at ¶ 15. (Emphasis added).
 {¶ 17} Thus, we made it clear that upon remand the trial court was to: (1) determine whether the parties had modified the shared parenting plan or entered into a split parenting plan; and (2) use the corresponding worksheet to calculate support. The trial court failed to follow our directions and the mandates of R.C. 3119.022 and R.C. 3119.023. In substance, appellee's argument that since he is essentially raising Thomas, he should not be required to pay support for this child is persuasive. But his argument cannot overcome the fact that the trial court disregarded the order of this court and the mandatory statutory language. "[W]here at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. Moreover, the trial court is without authority to extend or vary the mandate given." Nolan,11 Ohio St.3d at 3-4. (Internal citation omitted.)
 {¶ 18} Once the trial court determined the parties merely modified the prior shared parenting plan and never adopted a split parenting plan, it was obligated to use the shared parenting worksheet to compute child support. The trial court abused its discretion in failing to follow this court's order. Accordingly, appellant's first assignment of error has merit.
 {¶ 19} Appellant's second assignment of error states:
 {¶ 20} "The court abused its discretion by deviating from the presumptively correct child support amount."
 {¶ 21} Appellant argues the trial court abused its discretion when it concluded that extraordinary circumstances existed which entitled appellee to an automatic credit even though appellee did not present evidence supporting a deviation and such a deviation was not in the children's best interest. She notes that a parent is not entitled to an automatic credit for the time the child resides with that parent. Citing, Ullom, 2002-Ohio-3005, at ¶ 14. Appellant asserts that this court invited appellee to present evidence to support a deviation, but he chose not to do so. Appellant further claims the trial court abused its discretion by failing to state the presumptively correct amount of child support before making a deviation. She claims the presumptively correct amount is $710.73, plus fees, as was reflected in the trial court's June 25, 2001 judgment entry.
 {¶ 22} Appellant's arguments presume the court used the correct worksheet in calculating support. Although the court states in its judgment entry that, "deviating from the schedule and worksheet is appropriate under R.C. 3119.23," it does not deviate from the actual annual obligation as calculated by the split parenting worksheet. The deviation the court seems to be referring to is its deviation from the correct worksheet (the shared parenting worksheet) to the incorrect worksheet (the split parenting worksheet). Since the court failed to use the correct worksheet, any deviation argument is premature at this point.
 {¶ 23} Therefore, appellant's second assignment of error is without merit.
 {¶ 24} For the reasons stated above, the trial court's decision is hereby reversed and remanded for further proceedings in accordance with law and consistent with this opinion. On remand, the court is to calculate child support under the shared parenting worksheet. Once it calculates the actual annual obligation, it may then determine whether a deviation is appropriate by following R.C. 3119.22 and 3119.23.
Waite, P.J., and Vukovich, J., concur.